J. J. Ballard and Another v. Richard J. and Ann Anderson.

See this case as to the necessity of making an incumbrancer a party, where the petition alleges that the incumbrance has since been paid; and, whether an objection for want of proper parties can be taken by general demurrer, or will be taken by the Court, of its own motion.

In cases of this description (suit by purchaser at sheriff sale to recover the property from the defendant in execution and his wife,) and where a party attempts to set out his title, the averments must be positive; nothing should be left to argument or inference. It should have been made manifest and conclusive by averment, that the land was subject to the execution against the husband.

The Opinion in this case suggests a doubt whether the purchaser of real estate who gives a mortgage for the whole of the purchase money, has such interest in the land as can be taken in execution.

Where the purchaser at sheriff sale sued the defendant in execution and his wife to recover the property purchased, and have it partitioned from the homestead, and the conclusion from the allegations of the petition was, that all the property, being five hundred and seventy acres of land, one hundred and fifty head of cattle, and twelve head of horses, worth say $6000, was sold in one mass to the highest and best bidder, for the sum of fifty-one dollars, subject to a mortgage for fifteen hundred dollars, it was held on general demurrer, that the sale was void. (It should, perhaps, be stated that there was a question of homestead as to two hundred acres of the land.)

Appeal from Lavaca. Sent to Galveston by consent. Tried below before the Hon. Fielding Jones.

Petition filed August 20th, 1856, as follows: Your petitioners, Joseph J. Ballard and Robert M. Tevis, both resident citizens of the county and State aforesaid, would respectfully represent unto your honor, that on or about the 31st of May, 1855, Richard J. Anderson and Ann Anderson, his wife, made, executed and delivered unto C. Ballard, of the said county and State, their certain obligation in writing, commonly called a deed of trust, which said instrument of writing is now recorded

in the County Clerk's office of said county of Lavaca, the original of which, or a certified copy thereof, is in substance as follows :

Here followed a copy of the deed of trust, or mortgage with power to sell, of five hundred and seventy-one acres of land in Lavaca county, on which the defendants then resided, one hundred and forty head of cattle branded J. H., twelve head of horses, and all the crop of corn and cotton then growing, &c., to secure a note which C. Ballard then held on them for the sum of fifteen hundred and seventy-nine dollars and ten cents, '' for the purchase money of the land hereby conveyed, due to " Silas Bennett and Stephen D. Board, and assigned to said Bal- "lard, and for a claim against us for family necessaries fur- " nished us by suid Ballard, all of which is included in said " note, which note is this day executed, bearing interest at ten " per cent., and due January 1st, 1856."

The deed of trust authorized either C. Ballard, or his attorney L. P. Harris, to sell in case the note was not paid at maturity. The petition then continued as follows : Petitioners further allege that, either in the Fall of 1855, or Spring of 1856, the said Ballard received of said Anderson and wife the crop of cotton raised on said land for the year 1855, amounting to about ten bales, worth five hundred dollars, which the said Ballard received and should have placed as a credit on said note ; that at the October Term, 1855, of the District Court of Lavaca county, Glass & Theobald recovered a judgment against the said Richard J. Anderson for the sum of one hundred and forty-nine dollars and ninety-five cents, interest and cost, and No. 295 on the docket of said Court ; that on the 7th of November, 1855, a *fi. fa.* was issued against said Anderson to the Sheriff of said county, and, upon said Anderson failing to point out any property to levy upon, the said *fi. fa.* was levied by said Sheriff on the following property as the property of defendant : five hundred and seventy-one acres of land in the county of Lavaca on the waters of the Lavaca river,

also one hundred and forty head of cattle, branded J. H., also twelve head of horses, subject to a mortgage held by C. Ballard, and said execution was returned, showing that said property was advertised and offered for sale, but there being no bidders, was not sold ; that on the 26th of April, 1856, the Clerk of the District Court of said county of Lavaca, issued a *venditioni exponas* to the Sheriff of said county, commanding him to advertise the above described property, levied upon in the said *fi. fa.* and returned " not sold," according to law, and sell the same, subject to the mortgage aforesaid, in satisfaction of the aforesaid judgment and costs and fees for collecting the same. They further state that the said Sheriff did, as directed by said *vend. exp.*, advertise said property, according to law, and did, on the first Tuesday in July, it being the first day of July, under said order and advertisement, proceed to sell said property, subject to said mortgage, aforesaid, before the court house door in the town of Halletsville, to satisfy said judgment and costs, and to the highest bidder, and Robert M. Tevis, one of the petitioners, being the highest and best bidder for the sum of fifty-one dollars. and no one bidding more, became the purchaser of said property, subject to said mortgage ; and the said Tevis, having paid to John McKinney, the Sheriff as aforesaid, the said sum of fifty-one dollars, the said McKinney, Sheriff, made, executed and delivered to said Tevis, his deed, as Sheriff, to the aforesaid described property, which deed is now on file in the office of the County Clerk of Lavaca county, and will, or a certified copy thereof, be shewn the Court on the trial hereof. That on or about the — day of July, 1856, the said R. J. Anderson paid to the said Ballard the balance on said note, as set forth in said mortgage or deed of trust, and sometime after the purchase of said property by said Tevis, under said *vend. exp.*, the said Ballard acknowledged the said mortgage or deed of trust satisfied in full by said Anderson.

That on or about the 7th day of July, 1856, the said Tevis made, executed and delivered to Joseph J. Ballard a deed to

one half of his interest in the said described property, pur-
chased by him under said *vend. exp.*, which deed will be shewn
to the Court on the trial hereof, whereby said Ballard became
equally interested in said property with said Tevis.

Your petitioners aver that they are now the legal owners
and entitled to the possession of the aforesaid described pro-
perty ; that the said Anderson and wife are in the possession
of said property, and wrongfully hold possession of the same
and refuse to deliver the same to your petioners, although of-
ten requested so to do, to the great damage of your petitioners,
to wit : ten thousand dollars. Wherefore they ask that the
said R. J. and Ann Anderson be cited to appear at the next
Term of your Honorable Court, as the law directs, to answer
this petition, and, on a final hearing hereof, they ask for judg-
ment against the said R. J. and Ann Anderson for the posses-
sion and delivery of the said property, or its value, to wit : the
the said tract of five hundred and seventy-one acres, or the
value, $5,710 ; one hundred and forty head of cattle, or their
value, $980 ; twelve head of horses, or their value, $800, and
ask the Court, upon the refusal of said Anderson and wife to
deliver up said property to your petitioners, for a decree to
sell the same in satisfaction of said debt, and for judgment for
all costs, &c.

The return on the *venditioni exponas* was as follows : Came
to hand April 28th, 1856, John McKinney, Sheriff, L. C. The
aforesaid property, as set forth and described in said *vend. exp.*,
was, on the first Tuesday in July, 1856, after being legally ad-
vertised according to law, sold, subject to a mortgage held by
C. Ballard, to the highest bidder, at the court house door in
Hallettsville, for cash, to satisfy said *vend. exp.*, and, R. M.
Tevis being the highest and best bidder at the sum of fifty-one
dollars, and no one bidding more, said property was duly
struck off to said Tevis. John McKinney, Sheriff, Lavaca
County.

The defendants filed a general demurrer and several pleas

in avoidance.    The defendants' demurrer having been sustain-
ed, plaintiffs amended their petition as follows :

The plaintiffs, with leave of Court had, amend their petition,
and, for amendment, say that the instrument referred to in
their petition, executed by defendants to C. Ballard, though
called a deed of trust, was intended merely to secure the pay-
ment of the debt therein named to C. Ballard, and was intend-
ed to be, and was, nothing but a mortgage, with power to sell
and pay the debt ; that defendants did not deliver to C. Bal-
lard the possession of any part of the property, referred to
and described in the said deed of trust or mortgage ; that nei-
ther the said Ballard, nor the trustee, Harris, has ever had pos-
session of the property or any part thereof, but all the prop-
erty mentioned in the deed of trust or mortgage, remained in
the possession of the defendants up to the time of the levy of
the execution, by virtue of which it was sold and purchased by
Tevis, as stated in the original petition.    That the ten bales of
cotton, which had been paid by Anderson to C. Ballard on the
debt, amounting to $500, extinguished the debt to $1000, when
the property was purchased by Tevis at Sheriff's sale ; that,
on the day of sale, the $1000 due from said Anderson to said
C. Ballard, was the purchase money due on the said land,
which had been purchased by said R. J. Anderson, and, for the
payment of which, the said C. Ballard held a vendor's lien on
the land, including the homestead of the defendants, as well as
the deed of trust.

And they further say that although the defendant Anderson
has, since the said Tevis purchased the said property, paid off
and satisfied the said mortgage debt in favor of C. Ballard,
still the same operates as a cloud over the title of petitioners.
And they further say that the 140 head of cattle, branded J.
H., are worth each $12, and the horses are worth $75 each ;
and that the said Anderson forcibly took possession of all the
said personal property on the —— day of ——, 1856 ; and, al-
though demanded of him before the institution of this suit, he

refused, and still refuses, to deliver said personal and real property, or any part of either, to the plaintiffs, to the damage of your petitioners $6000.

They therefore pray that a suitable decree be rendered to cancel the said deed of trust, or mortgage, which operates as a cloud over the rights of your petitioners and that they have and recover of the defendants the property mentioned, and that they be compelled to deliver the same to plaintiffs.

And further that, if it be determined that the amount paid by defendants to C. Ballard should be refunded to them, they pray that a suitable decree be made, subjecting the homestead first to its payment, in a manner that will be legal and proper, before any part of the residue be sold, if it be that the plaintiffs have acquired no right on the homestead, in virtue of the Sheriff's sale, and for all such other and further relief, &c.

The defendants again demurred in general terms, and, the demurrer being again sustained, the suit was dismissed.

*G. W. Smith,* for appellants. The Court below held that the deed of trust so completely divested R. J. Anderson of the right and title to the land and personal property, that none of it was liable to the execution against him, after its date ; and on this ground the demurrer was sustained. But see Wright v. Henderson, 12 Tex. R. 44.

*Ballinger & Jack,* for appellees. The demurrer in the Court below was properly sustained.

I. Because C. Ballard, the trustee, was a necessary party to the suit. (Marshall v. Beverly. 5 Wheaton, 313 ; Harding v. Handy, 11 Id. 103 ; Mallow v. Hinde, 12 Id. 193 ; Field v. Holland, 6 Cranch, 8.)

II. There was no averment in the petition that the 571 acres of land, 140 head of cattle and 12 horses were either the

separate property of Rich'd J. Anderson or community property, so as to be liable to the execution.

The averments of title must be certain and positive, and not left to argument or inference. What are the averments here, in substance? That Anderson and wife executed a trust deed on this property to one Ballard; that a part of the debt was for purchase money of the land; that a judgment was recovered against Anderson by Glass & Theobald, under which a sale took place, and thereby plaintiffs became owners. We say *non constat* that plaintiffs became owners. *Non constat* that Anderson had any interest in the property whatever, liable to execution. The land may have been the separate property of Mrs. Anderson, purchased with her separate funds. No *prima facie* case is made, even one of evidence, of title in Anderson, and consequently in these purchasers.

III. If the question is an open one in this Court, we should argue with much confidence that the legal title being in C. Ballard, the equitable title was not subject to execution sale. (Hill v. Smith, 2 McLean, 446; 2 Bibb, R. 94; 6 Monroe, 192; 3 Bibb, R. 249; 1 A. K. Marsh. 173; 3 Green's Chy. R. 370; Colvard v. Coxe, Dudley, R. 99; McIntyre v. Ag. Bank, 1 Freeman's Ch. R. 105.)

IV. The execution sale, as shown in the petition, amended petition, and exhibits, was clearly void and conveyed no title.

1st. It is apparent that the sale was of the 571 acres of land, 140 head of cattle and 12 head of horses, *en masse*, (subject to the mortgage or trust deed,) for $51. (Tiernan v. Wilson, 6 Johns. Chy. 411.)

2d. It is apparent that the 571 acres of land included the defendants' homestead, and the sale of the entire tract was void, the homestead not having been designated and set off.

Sheriff's sale of 190 acres of land out of tract of 600 acres, without designating the particular part is void. (Marmaduke v. Tennants' Heirs, 4 B. Mon. 210 .) See also Jackson v. Car-

ter, 2 Johns. 260 ; Jackson v. Roosevelt, 13 Id. 96 : Fenwick v. Floyd's lessee, 1 Harris & Gill, 172.)

HEMPHILL, CH. J. The most important and material facts in this case are, that R. J. Anderson and his wife, the appellees, conveyed in May, 1855, by deed of trust, to Harris, to secure a debt payable to C. Ballard, five hundred and seventy-one acres of land, on which was the homestead of the appellees, and upon which the said Ballard had a vendor's lien for the purchase money ; also, 140 head of cattle and 12 head of horses. Subsequently a judgment was recovered against the husband, R. J. Anderson, by Glass & Theobald for $149 95, was levied upon this property, and at a Sheriff's sale the same was sold subject to the mortgage, and conveyed to the appellant, R. M. Tevis, for the sum of fifty-one dollars, and the said Tevis conveyed an interest to the co-appellant, J. J. Ballard ; and Anderson, the husband and debtor, having himself, as alleged in the petition, paid off the mortgage debt, and there being consequently no incumbrance, the appellants pray that the property for which they bid fifty-one dollars, and which was worth seven or eight thousand dollars, be delivered into their possession ; and contemplating, in the amended petition, as a possibility, that they might be compelled to refund the amount paid by Anderson on the mortgage, they pray that the homstead which was not liable to their execution, should be subjected to the discharge of the mortgage debt.

The demurrer to the petition was sustained, and the plaintiffs now seek to reverse the judgment. Of the several grounds insisted upon by the appellees in support of the judgment, the first is, that the petition was defective for the want of parties : that the trustee was a necessary party. This ground we believe well taken. The trustee or creditor should have been a party, where a question was made as to the discharge of the debt. The Court could not be required to act on the supposition that the debt was discharged, unless the creditor or his trustee who

Ballard v. Anderson.

had a paramount interest as to the existence of such fact, was a party and bound by the decree.

Another ground is, that there was no averment that the land, horses and cattle, were the separate property of R. J. Anderson or community property, so as to be liable to the execution against Anderson, the husband alone. There is a want of certainty of the averments in this respect; whether so much so as to be fatal, it is not necessary to determine. The wife joined in the mortgage of the whole of this property. This would operate as a presumption that the property was her separate right, and especially all not included in the homestead. In cases of this description, and where a party attempts to set out his title, the averments must be positive. Nothing should be left to argument or inference. It should have been made manifest and conclusive by the averments, that the land was subject to the execution against the husband.

As to the question whether the mortgagor or maker of a deed of trust has such an interest in the property mortgaged as is subject to execution, it is settled in this State, as a general rule, that the mortgagor has the legal title or such an interest as is subject to execution. But if the mortgage be given to secure the purchase money of land, and be executed simultaneously with the deed of conveyance to the vendee, the legal title remains within the mortgagee or vendor of the land. (Dunlap v. Wright, 11 Tex. R.) Whether this principle might not be extended so as to embrace mortgages given for the purchase money, whether they be executed at the same time or subsequent to the conveyance of the land, is a subject worthy of much consideration, but is not essential to the decision of this case.

A fatal defect in this petition is, that it is not shown that the property was sold at the Sheriff's sale in separate parcels. The conclusion from the allegations is, that the land, cattle and horses were sold in one mass to the highest and best bidder, as it is said, for the sum of fifty-one dollars.

Ballard  v.  Anderson.

There could be no device by which property could be more ruinously sacrificed, than the sale of large masses and distinct parcels of it together.  In Tiernan v. Wilson, 6 John. Chan. 412, the Sheriff put up two lots of land, amounting to 466 acres, for sale together, and they were struck off for thirteen dollars ; the Chancellor declared that the sale of the interest in the two lots was an abuse or breach of trust ; any ten acres, from either of the lots, would probably have raised a sufficient amount ;  that to sell so large an amount was calculated to raise distrust as to the title and destroy the value of the sale. There must be a sound discretion exercised by the officer, as to the amount of property he may sell together in a mass ; that in the case before him, the abuse of discretion was too flagrant to be endured, and that the law would adjudge such a sale in such a case fraudulent.

These remarks have a most cogent application to the case in hand, and there can be no hesitation in saying that the law adjudges such a sale in such a case as is before us to be fraudulent and void.

There are other objections, arising out of questions connected with the homestead exemption, but we refrain from their discussion as not required by the cause.

Judgment affirmed.