## HARGRAVE V. SIMPSON.

The District Court has exclusive original jurisdiction for the enforcement of liens.

In a suit upon a note originally for a sum exceeding one hundred dollars, and to enforce the vendor's lien, where the petition showed that the note was reduced by payment to an amount below that sum, and it only appeared inferentially that the land liable to the vendor's lien was worth more than one hundred dollars, it was held that the District Court had jurisdiction to entertain the suit, and to afford all the necessary remedies, based upon its own equity jurisdiction and the restricted powers of the other courts.

APPEAL from Hopkins. Tried below. before the Hon. W. S. Todd.

ROBERTS, J.—This is a suit upon a note for $233, and to enforce the vendor's lien upon sixty acres of land for which the note was given. The petition admits a payment on the note of an amount which reduces the debt below the sum of one hundred dollars; and for this the court below sustained a plea to the jurisdiction, and dismissed the suit. The correctness of this decision is the only question in the case.

The jurisdiction of the District Court was sustained in a suit to foreclose a mortgage upon personal property, alleged to be of the value of one hundred and fifty dollars, given to secure the payment of seventy-five dollars. (Marshall v. Taylor, 7 Tex. R., 235.) Following this precedent, this court sustained the jurisdiction of the District Court in a suit to enforce a vendor's lien, where the land was alleged to be worth over one hundred dollars, but the amount of the demand was less. It was then regarded that an important consideration in favor of the jurisdiction was that the Justice's Court was not competent to furnish an adequate remedy by the enforcement of the vendor's lien, and that the District Court alone possessing full equity powers, could do so. (Lane v. Howard, 22 Tex. R., 7.)

In this case the value of the land is not shown, otherwise than the amount agreed to be paid for it was several hundred dollars.

Hargrave v. Simpson.

It does thus appear that the parties regarded and treated the land as worth more than one hundred dollars.

The note upon which suit has been brought is for an amount over one hundred dollars, and under the statute the court could render a judgment upon it, although reduced by payment to an amount under one hundred dollars. (O. & W. Dig., Art. 360.) Here the payment is admitted in the petition, instead of being pleaded and proved by defendant below. Admitting that neither of these considerations is sufficient, it is believed that this case falls within the reason, if not the letter, of the decisions before referred to. It pertains to the province of a court of equity to enforce liens, whether in the shape of deeds of trust, mortgages, or vendor's lien. A vendor's lien is in the nature of an equitable mortgage upon the land. (Hilliard on Mort., 1 vol., 463.) It is true that it is an incident to the debt. So may a mortgage be only incidental to the debt secured by it. The District Court alone can enforce this lien, or foreclose a mortgage, and if a judgment had been obtained upon the note in a justice's court, resort would still be necessary to the District Court to enforce the vendor's lien. If this could not be done, it would result in cutting off this lien from debts under one hundred dollars entirely. A well recognized ground of equity jurisdiction is the existence of a clear right and the absence of any adequate remedy to enforce it, arising from the restricted powers of other courts, or otherwise.

It is not proposed now to enter into an original investigation of the grounds of the previous decisions upon this subject, further than has been necessary to show that the reason upon which they are founded applies with equal force to the present case, and that in deciding this we but follow them.

We are of opinion that the District Court had jurisdiction, and therefore the judgment is reversed and the cause remanded.

Reversed and remanded.