LAURAINE v. ASHE et al. (No. 2794.)

(Supreme Court of Texas. June 27, 1917.)

1. MANDAMUS ☞172—ISSUE.

In a mandamus proceeding to compel the judge of a district court to vacate, as to the property of a decedent, a receivership pending in the court, and to order delivery of the property to relator as administrator, the only question presented was as to relator's right to have the judge vacate the receivership and order the delivery of the property to him, and whether the district court had authority to sell the property was immaterial.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 381–385.]

2. COURTS ☞472(4) — EXCLUSIVE JURISDICTION OF PROBATE COURT — SALE OF PROPERTY.

The general rule is that the jurisdiction of the probate court to sell property of a decedent upon whose estate administration has been commenced is exclusive.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1204.]

3. MANDAMUS ☞172 — ABSENCE OF RECORD IN CASE INVOLVED.

In a mandamus proceeding to compel the judge of a district court to vacate a receivership as to property of decedent and order delivery to relator as administrator, the record of the cause in the district court not being before the Supreme Court, it cannot determine whether the case in the district court is such as to render it not subject to the rule that exclusive jurisdiction to sell property of decedent on whose estate administration has been commenced is in the probate court.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 381–385.]

On motion to modify opinion. Motion granted in part.

For former opinion, see 191 S. W. 563.

Williams & Neethe, of Galveston, and Gill, Jones & Tyler and H. N. Atkinson, all of Houston, for respondents. Cooper & Merrill and Jno. G. Tod, all of Houston, for relator.

PHILLIPS, C. J. In denying a mandamus to require the District Judge to vacate the receivership proceeding pending in his court and deliver the property held by the receiver into the custody of the temporary administrator of Mrs. Allen's estate, it was stated in the original opinion (191 S. W. 563) that while the District Court had jurisdiction to establish against the estate the indebtedness set up in the suit there pending, it was, with the administration of the estate pending, without any power to direct the sale of the property.

It is urged in the motion that most of the indebtedness referred to was the joint indebtedness of Mrs. Allen and A. C. Allen, who is still living; that the mortgages upon the property involved were jointly executed by Mrs. Allen and A. C. Allen, most of the property being jointly owned by them; and that it is the right of the mortgagees to have the interests of A. C. Allen and Mrs. Allen sold together instead of separately. It is also suggested that adjustment of the rights of the Allens as between themselves will become necessary in the determination of the District Court controversy.

These and other considerations are advanced as ground for the contention that authority to sell the property is essential to the jurisdiction with which the District Court is already invested and is a necessary part of that jurisdiction. We are accordingly asked to modify the opinion in the case and to hold that the District Court has the power to cause the sale of the property if it should find that to be necessary to the adjudication and enforcement of the rights involved in the cause.

[1, 2] Whether the District Court has authority to sell the property was not a necessary part of the question before us in the mandamus proceeding. The only question there presented for decision was as to the right of the relator to have the District Judge vacate the receivership and order the delivery of the property into his hands. What was said in the opinion in respect to the authority of the District Court to direct the sale was for the purpose of calling attention to the general rule, that the jurisdiction of the Probate Court to sell property of a decedent upon whose estate administration has been commenced, is exclusive; and to make it plain that our decision of the mandamus question was in recognition of that rule. That such is the general rule as affirmed in the decisions of this court, is undoubted. Rogers v. Kennard, 54 Tex. 30; Smithwick v. Kelly, 79 Tex. 564, 15 S. W. 486; Atchison v. Smith, 25 Tex. 228; Cannon v. McDaniel, 46 Tex. 303.

[3] Whether there is anything in this case as it stands in the District Court which renders it not subject to the general rule, we do not in this proceeding feel called upon to determine. The record of the cause is not before us; and this, of itself, would preclude its determination. We decline to affirm that the case is not subject to the rule, and deem it preferable that we here express no opinion upon the question. The original opinion is therefore modified to the extent that it indicates a holding upon the authority of the District Court in the suit there pending to direct a sale of the decedent's interest in the property. The determination of the question as arising in such a case was not necessary to the disposition of the mandamus proceeding; it is left open for decision until such time as it may be properly presented. The motion is granted in part.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes