### G. B. MOORE AND OTHERS v. J. H. RAYMOND.

The assignment by blank indorsement of a note given for the purchase money of land, carries with it the vendor's lien. In this case, the note purported on its face, to have been given for part of the purchase money of the property on which the lien was claimed.

Where A and B, having taken a conveyance of certain real estate, were heard talking about some outstanding liabilities against the property, A speaking to B about two $500 notes, on which he said he had paid some, and that B must make arrangements to pay some ; but witness did not know what notes were referred to, nor hear any reply from B ; it was held that there being no evidence of any other transaction to which the conversation could have related, *prima facie* it must be taken, for the purpose of proving notice to B, to have had reference to the lien of the plaintiff, which was on a note for $500, to which A himself was a party.

Appeal from Travis. Glasscock sold part of a lot to Moore, who gave his note for five hundred dollars as part payment. Glasscock indorsed this note to Raymond in blank. Before any part of it was paid, Moore reconveyed the lot to Glasscock and Blakey in April, 1854. Shortly after this Glasscock paid three hundred dollars on the note.

Raymond brought suit for the balance, praying the foreclosure of the vendor's lien in his behalf and for judgment against Glasscock and Moore for his debt.

At the Spring Term, 1855, the cause was heard, and the Court decreed a foreclosure of the lien against the defendants, for the debt and interest, and provided for execution to issue against Moore and for the judgment being filed as a just claim against Glasscock's estate, he being then dead.

A witness for the plaintiff testified that after the purchase of the property by Glasscock and Blakey from Moore, he heard G. and B. talking about some outstanding liabilities ; he heard G. speak to B. about two $500 notes on which G. said he had paid some and told B. that he, B., must make arrangements to pay some ; witness did not know what notes nor for what given, were referred to in said conversation; he heard Blakey say nothing about the matter.

The defendants called plaintiff's attorney, who testified that when he received the note, it was indorsed in blank, without date, and that he, since the institution of the suit and since the death of Glasscock, filled up the blank indorsement, as it then appeared. It was filled up as follows : " I transfer the within note, with all rights and liens incident thereto, to James H. Raymond."

The statement of facts did not contain copies of the deeds, nor state their substance further than to call them deeds from G. to M. and from M. to G. and B., and their dates. The note sued on purported to be for part of the purchase money, &c. It appeared to be taken for granted by counsel on both sides, in the Court below and in this Court, that there was a vendor's lien, and the questions made were whether it passed to Raymond, or was binding on Blakey.

*Brewster & West*, and *Oldham & Terrell*, for appellants.

*J. A. & R. Green*, for appellee.

WHEELER, J. The principal and only question of any difficulty or importance is, whether the assignment of the note carried with it the vendor's lien for the purchase money; and we are of opinion that it did. The subject was sufficiently examined and considered in a case lately decided at Tyler; and the argument need not be here repeated.

The filling up of the blank indorsement with the words used, did not change the liability created by law upon the indorser; nor does it appear that it was not in exact conformity to the agreement under which the indorsement was made.

As respects the evidence of notice, it was, we think, *prima facie* sufficient. Upon the reconveyance of the property to Glasscock and Blakey, the note, which was a lien upon it, not having been paid, it was to be expected that they would assume its payment; and there can be but little doubt, that that was the subject of the conversation detailed by the witness. There being no evidence of any other transaction to which it could have related, *prima facie*, it must be taken to have had reference to the payment of this debt.

We are of opinion that there is no error in the judgment and it is affirmed.

Judgment affirmed.