J. T. MURRAY, AD'MR, v. JOSEPH S. ABLE, USE, &C.

Where notes given for the purchase money of land, expressly reserve the vendor's lien, and are payable to bearer, the holder to whom they have been assigned by delivery, may maintain a suit in the name of the payee, for his own use, and have a decree for the enforcement of the lien.

Error from Cherokee. Tried below before the Hon. John H. Reagan.

There were two notes for $1500 each; the tract of land contained six hundred and forty acres.

The case was decided on a demurrer to the pleadings, and the presumption from the pleadings was, that the notes were for all the purchase money.

*J. T. Murray*, for plaintiff in error, cited 9 Ga. R. 86; 10 Humph. R. 371; Bl and Ch. R. 519; 1 Paige, R. 502; 6 How. Miss. R. 370; 1 Ohio, 318; 3 Yerg. R. 27.

ROBERTS, J. Able sues for the use of Mills & Jockusch, on notes given to Able in the purchase of land, and the vendor's lien on the land is expressly reserved in the notes. The petition, seeking to enforce the lien, is excepted to, because the notes being transferred for value, and being payable to bearer, the lien did not pass with the notes to Mills & Jockusch.

It has been decided that a party holding a negotiable note, under a written indorsement from the payee, has acquired and may enforce the vendor's lien. (1 Moore v. Raymond, 15 Tex. R. 554.) At this Term of the Court, the same has been decided in favor of one holding a note payable to bearer.

This having, until lately, been considered a doubtful question, and having been raised and relied on below, judgment will be affirmed without damages.

Judgment affirmed.