## GEORGE SPRINGMAN v. J. D. HAWKINS ET AL.

### Decided November 6, 1908.

**1.—Appeal—Practice—Assignment of Error—Preponderance of Evidence.**

A Court of Civil Appeals will not reverse a judgment merely because it may appear from the record that the evidence preponderates in favor of the losing party or against the findings of fact of the trial court; and an assignment of error which only complains that the preponderance of the evidence is against a finding of the trial court upon which judgment was rendered, is not sufficient to require consideration.

**2.—Vendor and Vendee—Purchase Money—Equitable Lien—Waiver.**

The grantor of land who has delivered possession to the grantee retains an equitable lien upon the land for the unpaid purchase money although he has

taken no distinct agreement or separate security for it, and even though the deed recites that the consideration has been fully paid. The burden is on the vendee to show that this lien has been waived, and the mere fact that the vendor's lien clause in a blank form of deed was erased when the deed was prepared, does not establish such waiver when the vendee, after obtaining possession of the deed and the land, refused to pay the cash recited in the deed.

**3.—Deed—Consideration—Recital not Conclusive—Pleading.**

Parol evidence is admissible to contradict the recited consideration in a deed and to prove the real consideration in an action between the original parties to the instrument, nor is it necessary to plead fraud, accident or mistake as to the recital to admit such proof.

Appeal from the District Court of Houston County. Tried below before Hon. Benjamin H. Gardner.

*Aldrich & Crook,* for appellant.

*Adams & Adams,* for appellees.

McMEANS, ASSOCIATE JUSTICE.—Appellees J. D. Hawkins and Oscar Woodworth brought this suit against appellant George Springman, alleging that they had sold to appellant sixty-seven acres of land of the Marsh survey, one hundred and ten acres of the W. H. L. Burton survey and two hundred and thirteen acres of the William Watson survey, in Houston County, executing and delivering to him their general warranty deed therefor for the recited consideration of $866.66, and for the further consideration, which was not recited in the deed, of the assumption and agreement by appellant to pay two-thirds of four outstanding vendor's lien notes against the land; that upon the delivery of the deed to appellant he executed and delivered to appellees his check on Robinson Bros., of Palestine, for the amount of the recited cash consideration, and immediately went into possession of the land, and then stopped payment of the check and refused to pay same or any part thereof, and refused to surrender the land to appellees; that the check was protested at the expense of $6.10, and that the check, having been given in part payment for the land constituted a vendor's lien on the same. They prayed for judgment for their debt and for foreclosure of the lien on the land.

Appellant answered, admitting the execution and delivery of the check sued on and that it was given for the purchase money of the land sued for, and for certain personal property situated on the land, and further pleaded that, believing he was getting a good and perfect title to the property, free from all liens and encumbrances, he executed and delivered the check in question, but afterwards discovered, and charged the fact to be, that at the date of the sale there was an unsatisfied vendor's lien on the land for the sum of $1,600 and interest, and that since the sale to him the land had been sold in satisfaction of said lien, and that the purchasers of same under the foreclosure proceedings held the superior title, and that appellant's title so acquired by him from appellees had wholly failed; that the appellees had designedly and wrongfully concealed from him the existence of said outstanding vendor's lien notes for the purpose of cheating and defrauding him and of obtaining said

sum of $866.66, and that they did actually deceive and lead him to believe that he was getting a good title to the land free from encumbrance. He prayed that, in the event appellees recovered against him on said check, that he be given judgment on the warranty for a sum equal to the amount of the check.

Appellees, by their first supplemental petition, charged that appellant had actual notice of the outstanding vendor's lien notes, and had agreed and assumed to pay two-thirds of the amount of same as part of the consideration for the land.

The case was tried by the court without a jury, and resulted in a judgment for appellees for the amount of the check, interest and protest fees, and from the judgment appellant prosecutes this appeal.

The trial judge filed his findings of fact, which are fully sustained by the evidence in the record, and which findings are as follows:

"1. I find that the plaintiff sold to defendant certain personal property and land fully described in plaintiff's petition, and that the consideration was the check for $866.66 sued on and the assumption by the defendant of two-thirds of the $1,600 vendor's lien notes held by Robinson Bros.

"2. I find that defendant Springman knew of the vendor's lien notes held by Robinson, and bought the land subject to such vendor's lien; and that he agreed to pay the part of said notes which Woodworth and Hawkins were bound to pay (that is, two-thirds of such notes) as part of the purchase price that he was to pay for the land, and that he stopped the payment of the check sued on.

"3. I find that when Springman first raised objection to the trade, which was after the deed was made to him, that the plaintiffs offered to give back the check if he would deed them back the property, and that Springman refused to do this, and that at this time he had suffered no loss, nor had he paid anything on the purchase price. After stopping the payment of the check Springman contracted to sell the two-thirds interest in said property for $2,000 to A. K. Fretz.

"4. I find that Springman went into possession of the property and refused to give it up to Hawkins and Woodworth, and has ever since been in possession of all of the property. He has used up much of the personal property and refuses to pay the check for which this suit is brought.

"5. I find that the property, a two-thirds interest in which was sold to Springman by Hawkins and Woodworth, was worth at the time of that sale the sum of $3,000 or more.

"6. I find that suit was brought by Robinson Bros., and their lien was foreclosed, and the land sold, and that Robinson Bros. became the purchasers thereat.

"7. I find that defendant stopped payment of the check forcing protest, and refused either to cancel the trade or pay the consideration, and that the costs of protest was $6.10."

By his first and second assignments of error appellant attacks the trial judge's first and second findings of fact, the ground of his contention being that the preponderance of the evidence shows that appellant did not know of the existence of the outstanding vendor's lien notes, and

that he did not assume or agree to pay two-thirds of the amount of same.

This court will not reverse a judgment merely because it may appear from the record that the evidence preponderates in favor of the losing party or against the findings of fact of the trial court; and an assignment of error which only complains that the preponderance of the evidence is against a finding of a trial court, upon which judgment was rendered, is not sufficient to require consideration. (Texas & N. O. Ry. v. Lee, 32 Texas Civ. App., 23; Houston & T. C. Ry. v. Rowell, 45 S. W., 763; Gulf, C. & S. F. Ry. v. Holland, 27 Texas Civ. App., 397.) The assignments will not be considered.

Appellant's third assignment is as follows: "The court erred in its conclusion of law as follows: 'I find that defendant is bound to plaintiffs for the amount of check, with six percent interest from its date and costs of protest. I find that plaintiffs are entitled to their judgment for said amount and foreclosure of their attachment lien, and judgment is entered to that effect,' because the uncontradicted evidence shows that plaintiffs executed and delivered to defendant a warranty deed to the land described in plaintiffs' petition, in which the consideration was recited, the sum of $866.66, and that this deed was written upon a blank in which a vendor's lien was provided for, but that the vendor's lien clause was stricken out of said deed, showing clear intention on the part of both vendors and vendee that no lien existed, and that the recited consideration was the full consideration, and it was not competent to contradict said deed by parol testimony."

The evidence shows that the deed recited the payment of $866.66 as the consideration for the land, and that no express vendor's lien was retained; that in payment of said sum appellant gave his check on Robinson Bros., and that through his own initiative the check was not paid on presentment, nor was said sum of money otherwise paid to appellees; that in drawing the deed a blank form of deed was used in which was a clause providing for the retention of an express vendor's lien, but that this clause was stricken out before the deed was executed.

It is well established law that the grantor of land who has delivered possession to the grantee retains an equitable lien upon the land for the unpaid purchase money, although he has taken no distinct agreement or separate security for it, and even though the deed recites that the consideration has been fully paid (Marshall v. Marshall, 42 S. W., 354), and it rests upon the vendee, in a suit brought by his vendor to enforce such a lien, to show that the equitable lien with which the land stands charged has been waived. This, we think, was not established in the case under consideration by the mere fact that the clause in the form used, providing for the retention of the lien, was eliminated in drawing the deed.

The further contention that parol evidence of the consideration other than that recited in the deed was not admissible is without merit. As said in Johnson v. Elmen, 24 Texas Civ. App., 45: "It is a well-established and long-recognized principle of law that parol evidence is admissible to show the real consideration for a deed, and in an action . . . between the original parties to the instrument the recital in the deed of the amount of the consideration is not conclusive, nor is it necessary

that allegations of fraud, accident or mistake should be made to account for the failure to express the full consideration in the instrument. This is a common law rule and is well established, as is the general rule that parol evidence is inadmissible to contradict or vary the terms of a written instrument. 2 Whart. on Ev., 1044; Greenl. on Ev., secs. 284a, 285; Hitz v. National Met. Bank, 111 U. S., 725; McLean v. Ellis, 79 Texas, 398; Allison v. Pilkins, 11 Texas Civ. App., 655; Taylor v. Merrill, 64 Texas, 494; Womack v. Wamble, 7 Texas Civ. App., 273; Garrett v. Robinson, 43 S. W., 288; Lanier v. Foust, 81 Texas, 186."

There being no reversible error presented, the judgment of the District Court is affirmed.

*Affirmed.*