## DAVIS v. HUFF. (No. 2729.)* .

(Court of Civil Appeals of Texas. Amarillo. Nov. 10, 1926. Rehearing Denied Dec. 1, 1926.)

1. **Vendor and purchaser ⚖︎266(1)—Vendor's lien will not be presumed to be waived, where it does not appear from entire transaction that it was intended to release land.**

Where purchase money is unpaid, vendor's lien will not be presumed to have been waived or abandoned if in view of entire transaction it appears that it was not intention to release land and rely upon other security.

2. **Brokers ⚖︎77—Where purchaser agreed to pay vendor's agent his commission on land as part of purchase price, agent had equitable lien against land.**

Where it was agreed between owner, purchaser, and real estate agent that purchaser should pay agent's commission direct to agent as part of purchase price, held that agent had equitable lien against land which he was entitled to foreclose for amount of commission, where vendor had not waived lien.

3. **Courts ⚖︎155—District court held to have jurisdiction of suit for $400 for which plaintiff had equitable lien against land.**

Where purchaser had agreed to pay vendor's agent his commission of $400 on land purchased as part of purchase price, agent had equitable lien against land which he was entitled to foreclose, and district court had jurisdiction to try case.

Error from District Court, Lubbock County; Clark M. Mullican, Judge.

Suit by J. W. Huff against J. F. Davis. From a judgment for plaintiff, defendant brings error. Affirmed.

Pearce & Triplett, of Lubbock, for plaintiff in error.

Robt. H. Bean and Bean & Klett, all of Lubbock, for defendant in error.

JACKSON, J. This suit was instituted in the district court of Lubbock county, Tex., by J. W. Huff against J. F. Davis, to recover the sum of $400 with interest thereon at 6 per cent. from January 1, 1925, and to foreclose a lien upon the land hereinafter described. Plaintiff alleged in substance that he was a real estate broker, and that J. Q. Alvey, who was the owner, listed with him for sale, at the price of $50 per acre, the southeast one-fourth of section 47 in block C-2 in Lubbock county, Tex., and agreed to pay him for his services 5 per cent. commission on the consideration of $8,000; that in compliance with his contract with the owner he negotiated a sale of said land to J. F. Davis, the defendant, at the price of $50 per acre, to whom the land was sold, and thereby earned his commission of $400, which debt the owner recognized and agreed to pay; that prior to the time the land was conveyed by the owner to the defendant, J. F. Davis, it was agreed by the owner, J. Q. Alvey, and the defendant, J. F. Davis, and himself that instead of paying the owner the full amount of the cash consideration for the land that $400 thereof would be paid to the plaintiff as his commission, and that, by reason of said agreement, $400 was deducted from the cash payment due by the defendant to the owner, which the defendant agreed to pay to the plaintiff, which sum constituted an indebtedness of the defendant to the plaintiff and became and was a part of the purchase price for said tract of land, which sum was secured by a vendor's lien on said premises; that said sum matured about the month of January, 1925, and that the defendant had failed and refused to pay the same, or any part thereof. He prayed for his debt, and for a foreclosure of his lien upon the land.

The defendant answered by general demurrer, special exceptions, and general denial, and several other special pleas unnecessary to set out.

In response to a special issue submitted by the court in his main charge, the jury found in effect that it was agreed between J. Q. Alvey and the plaintiff and the defendant that the defendant would pay $400 of the purchase price for the land in controversy to the plaintiff as his commission, and, in response to a special issue requested by the defendant and given by the court, the jury found in effect that the defendant by agreement assumed the payment of the debt of $400 owing by J. Q. Alvey to the plaintiff as commission for the sale of said land. Upon these findings the court rendered judgment for the plaintiff against the defendant in the sum of $420 with interest thereon from November 7, 1925, at the rate of 6 per cent. per annum, and for a foreclosure of the lien as prayed for.

[1] The plaintiff in error, J. F. Davis, hereinafter called appellant, by several assignments, which we will consider together, challenges as error the action of the trial court in entertaining jurisdiction of this case and rendering judgment against him and foreclosing a lien against said land, because the amount in controversy is less than $500 and the defendant in error, hereinafter called appellee, failed to show that he had a lien on the premises. The record disclosed that J. Q.

---

Alvey, the owner of the land, owed appellee $400, which was admitted to be a valid debt at the time the deed was executed, that the consideration to be paid by appellee to the owner for the land was $8,000, that $7,600 of the consideration was paid to the owner, and that $400 of the cash consideration was not paid by the appellant to the owner of the land; and the jury finds that the appellant assumed and promised to pay this $400 debt, owing by the owner to appellee as a part of the consideration for the premises.

"It cannot be questioned that it has been held by this court, from its first organization, that the vendor of land has an equitable lien upon it for the unpaid purchase money, unless such lien has been expressly or impliedly waived or abandoned. Briscoe v. Bronaugh, 1 Tex. 326 [46 Am. Dec. 108]. It is said to be a 'natural equity that the land shall stand charged with so much of the purchase money as' remains unpaid, without any special agreement to that effect. Id. It must also be now regarded as settled, in this state, that the transfer or assignment of the debt carries the lien or security for its payment, unless it is shown that such was not the intention of the parties. Moore v. Raymond, 15 Tex. 554; Murray v. Able, 19 Tex. 213 [70 Am. Dec. 330]; McAlpin v. Burnett, 19 Tex. 500; White v. Downs, 40 Tex. 225; Cordova v. Hood, 17 Wall. 1 [21 L. Ed. 587]. * * * If the purchase money is unpaid, it will not be presumed that the lien is waived or abandoned, if, in view of the entire transaction, it appears that it was not the intention to release the land and rely upon other security." Flanagan v. Cushman, 48 Tex. 244.

The principles announced in the foregoing decision are the settled law of this state. Gray v. Fenimore (Tex. Com. App.) 215 S. W. 956; Fennimore v. Ingham (Tex. Civ. App.) 181 S. W. 513; Springman v. Hawkins et al., 52 Tex. Civ. App. 249, 113 S. W. 966; Joiner, Adm'r, v. Perkins, 59 Tex. 300; Thorn v. Dill, 56 Tex. 145; White et al. v. Downs, etc., 40 Tex. 226.

Under the testimony in the record, the trial judge was authorized to find, and in support of the judgment we must presume that he did find, that the equitable lien in favor of the vendor for the unpaid purchase money was not waived.

"It is settled law that a vendor's lien arises by operation of law, and exists in the sale of land to secure the payment of the purchase money, unless expressly waived. Briscoe v. Bronaugh, 1 Tex. 330, 46 Am. Dec. 108; Cecil v. Henry (Tex. Civ. App.) 93 S. W. 216; Springman v. Hawkins, 52 Tex. Civ. App. 249, 113 S. W. 966. And, where a part of the purchase money for a tract of land is the assumption of an indebtedness due to a third party who has no claim on the land, the vendor's lien arises in favor of such third party to secure such indebtedness." Hales v. Peters (Tex. Civ. App.) 162 S. W. 393.

For additional authorities see Burton-Lingo Co. v. Standard et al. (Tex. Civ. App.) 217 S. W. 446; Thompson on Real Property, vol. 6, p. 42, par. 4869, and cases cited.

[2, 3] There is no question of innocent purchaser involved in this controversy, and, from the facts revealed by the record and the principles announced by the foregoing authorities, we conclude that the appellee had and held an equitable lien against the land to secure the payment of his debt which he was entitled to foreclose. Hence the court had jurisdiction to try the case, and these assignments of error are overruled. The other assignments of error all present issues of fact which were determined against the appellant, and do not require separate and detailed consideration.

The judgment is affirmed.