**LINDSAY v. TEXAS IRON & STEEL CO. et al. (No. 3521.)**

Court of Civil Appeals of Texas. Texarkana. July 9, 1928.

Rehearing Denied July 19, 1928.

J. A. Ward, of Mt. Pleasant, for appellant.
Read, Lowrance & Bates, of Dallas, for appellees.

WILLSON, C. J. (after stating the facts as above). The suit was commenced and prosecuted on the theory, it seems, that the conveyance from the Elliots to the Texas Iron Ore Company was not of the absolute title (as it purported to be) to the iron ore, but of the title conditioned on said company's beginning the work of mining and removing the ore from the land within a reasonable time and thereafter continuing such mining and removal with proper diligence. As showing that to be the meaning of the instrument evidencing the conveyance appellant pointed to the recitals therein that the consideration was $1 then paid the Elliots and the undertaking of the ore company to pay them 2½ cents per long ton on iron ore removed from the land. Appellees, on the other hand, insisted the conveyance was without a condition of any kind and passed the absolute ownership of the iron ore to said ore company; and they insisted further that the consideration recited in the instrument was not the only consideration for the conveyance of the ore, but that in addition thereto a large amount of the capital stock of the Texas Iron & Steel Company was transferred to the Elliots. Appellant, in reply, insisted appellees should not be heard to claim there was an additional consideration for such conveyance, as to permit them to do so and to make proof thereof would be to violate the parol evidence rule. The trial court thought to the contrary, and over appellant's objection allowed appellees to prove that a part of the consideration for the conveyance of the ore to the iron ore company was capital stock of the iron and steel company of the par value of $100 and market value of $25 for each acre of the land conveyed.

Conceding, for the moment, that the rule invoked by appellant applied to the case made, and that it was error to admit the evidence in question, we think the judgment should nevertheless be affirmed. It will be noted, on referring to the instrument evidencing the conveyance set out in the statement above, that the consideration of $1 cash mentioned as paid to the Elliots was for the ore thereby conveyed to the iron ore conpany, and that the consideration of 2½ cents per long ton of ore removed from the land mentioned as to be paid the Elliots was for use of the land described and other land belonging to the Elliots, and timber thereon, in taking out and removing the ore thereon and ore belonging to the iron ore company on lands adjacent to land of the Elliots. A consideration of $1 will support a deed conveying land or an interest in land. 18 C. J. 166; Johnson v. Russell (Tex. Civ. App.) 220 S. W. 352.

Appellant's contention seems to be,

however, that it appeared from the instrument that the consideration ·of 2½ cents per long ton was not only for use of the land and timber in mining and removing the ore, but was also for the ore itself, and that the iron ore company therefore impliedly became bound to remove the ore from the land within a reasonable time or else forfeit its right to it. If we agreed with appellant that it appeared the 2½ cents was to be paid for the ore mined and removed we might agree with him in his contention that it appeared the iron ore company and the iron and steel company had forfeited by abandonment the right they had to mine and remove the ore from the land; for it was undisputed in the evidence heard at the trial that neither of said companies ever did anything toward removing the ore, and that both of them long ago ceased to do business in Texas. Munsey v. Marnet Oil & Gas Co., 113 Tex. 212, 254 S. W. 311; Grubb v. McAfee, 109 Tex. 527, 212 S. W. 464.

But as we view it the instrument, in respect to the consideration, is not capable of the construction appellant gives it unless its language is ignored, and there is nothing in the pleading or evidence in the record which authorized the court below or authorizes this court to ignore it. We think the language used in the instrument indicated as plainly and as certainly as words could that it was the Elliots' intention to sell absolutely, and the iron ore company's intention to purchase, the ore for $1. The parties had a right to make that kind of a contract (Texas Co. v. Daugherty, 107 Tex. 226, 176 S. W. 717, L. R. A. 1917F, 989; Stephens County v. Mid-Kansas Oil & Gas Co., 113 Tex. 160, 254 S. W. 290, 29 A. L. R. 566; Humphreys-Mexia Co. v. Gammon, 113 Tex. 247, 254 S. W. 296, 29 A. L. R. 607; Lambert v. Gant (Tex. Civ. App.) 290 S. W. 548) and at the same time to contract for use by the purchaser of the land and timber in mining and removing the ore at any time he might choose to remove it. As we view the instrument in question it is unlike any of those construed in the cases appellant cites, and therefore those cases and the argument predicated on them are regarded as inapplicable to this case.

We do not think it was error to permit appellees to prove that a part of the consideration for the conveyance of the ore to the iron ore company was capital stock of the iron and steel company. While it is true, generally speaking, that "parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written agreement" (1 Greenleaf on Evidence, 405), it is also true that, generally speaking, "the recitals of a written instrument as to the consideration are not conclusive, and it is always competent to inquire into the consideration and show by parol or other extrinsic evidence what the real consideration was. Thus it may be shown that the real consideration was in fact greater than that which is expressed in the instrument or that there was some other consideration in addition to that set forth." 22 C. J. 1157, 1161. A qualification of the rule, invoked by appellant, is stated in 22 C. J. 1171, as follows:

"Where the statement in a written instrument as to the consideration is more than a mere statement of fact or acknowledgment of payment of a money consideration and is of a contractual nature, as where the consideration consists of a specific and direct promise by one of the parties to do certain things, this part of the contract can no more be changed or modified by parol or extrinsic evidence than any other part, for a party has the right to make the consideration of his agreement of the essence of the contract, and when this is done the provision as to the consideration for the contract must stand upon the same plane as the other provisions of the contract with reference to conclusiveness and immunity from attack by parol or intrinsic evidence. For the same reason, where the writing is complete upon its face, an additional executory consideration cannot be shown by parol, or, as it is sometimes expressed, new terms cannot be engrafted into an agreement by parol under the guise of varying the consideration."

As we understand it the only consideration of a "contractual nature" mentioned in the instrument conveying the ore to the iron ore company was that binding that company to pay 2½ cents per long ton for use of land and timber thereon in mining and removing the ore. Certainly that stipulation was not changed or modified by the evidence showing that in addition to the $1 recited in the instrument as paid to the Elliots for the ore, they received therefor certain capital stock of the iron and steel company. Martin Bros. v. McKnight (Tex. Civ. App.) 245 S. W. 447; Stephenson v. Stitz (Tex. Civ. App.) 255 S. W. 812; Whitehead v. Weldon (Tex. Civ. App.) 264 S. W. 958; Grogan v. Lea (Tex. Civ. App.) 269 S. W. 1070; Foster v. Wright (Tex. Civ. App.) 217 S. W. 1090; Springman v. Hawkins, 52 Tex. Civ. App. 249, 113 S. W. 966.

The judgment is affirmed.