SHANNON v. SHANNON.

No. 6052.

Court of Civil Appeals of Texas.
Amarillo.

June 26, 1950.

R. D. Oswalt, Vernon, for appellant.

R. D. L. Killough, Vernon, for appellee.

LUMPKIN, Justice.

This appeal is from a judgment in a divorce case. In this opinion the parties will be designated as in the trial court. The plaintiff, Edith Shannon, filed this suit against her husband, the defendant, Harry Shannon. The plaintiff pleaded cruel treatment as a ground for divorce and alleged that there was no community property. In his answer, the defendant, among other allegations, pleaded that the parties did have a community estate and listed as community property a 1949 Hudson automobile, two town lots, located within the City of Vernon, a house situated on the town lots and certain household furnishings. He pleaded that although the real estate is in the plaintiff's name, it was originally in his name; that the property, however, is community property and that it was the home of the parties until the date of their separation. The defendant's allegations continue:

"That said property was deeded to defendant when it was purchased but plaintiff thought she had no interest in it if it stood in the name of defendant and this defendant, in order to keep plaintiff satisfied and to keep peace in the family, agreed to let plaintiff have the property in her name, but at no time agreed to give his part of the property to her for her separate property. That plaintiff was advised by her attorney that it should be deeded to a third party and the third party could deed the property to her. That said property was deeded to plaintiff's sister and by her and her husband deeded to plaintiff as her separate property. That plaintiff is now claiming said property and household furnishings as her separate property and refuses to recognize defendant's one-half interest in said property. That plaintiff has perpetrated a fraud on this defendant in having the property deeded to her as her separate property, when in truth and in fact, she represented to him that she wanted the property in her name so she could get her one-half of same. That plaintiff's representations to defendant that she merely wanted the property in her name to protect her one-half interest were false and untrue, and were a part of her fraudulent scheme to get all of the home and furnishings as her separate property. That because of said false statements and fraudulent acts and fraudulent plans and schemes on the part of plaintiff, the property was deeded to her by her sister and husband as her separate property. When, in truth and in fact, it is community property and owned by both plaintiff and defendant * * *.

"Defendant further alleges that he at no time gave his interest in said property to plaintiff, and has at no time intended to give said property to plaintiff, but at all times wanted her to have her one-half interest in said home and was willing for her to have the deed in her name to satisfy her that he was not trying to claim said property as his separate property because it was originally deeded to him. * * * Defendant alleges that no separate funds of plaintiff went into the purchase of their home and furnishings, but was purchased by community funds and is community property * * *."

The defendant prayed that the community property be sold and the proceeds of the sale be divided equally between the parties.

In her second supplemental petition the plaintiff denied the defendant's allegations of fraud and stated that although the real estate was in her name, she had acquired title to it through an agreement with her husband by which it was understood that the automobile would be his separate property and the real estate, house and household furnishings would be her separate property. The plaintiff excepted to those portions of the defendant's answer which list the automobile as community property because such an allegation was an attempt on the part of the defendant to change the terms of a written contract. Further, the plaintiff excepted to those portions of the defendant's answer which set forth his purported reason for executing the deed to

Mrs. Bryant because such allegations do not constitute a defense to the execution and delivery of the deed. The court overruled the plaintiff's exceptions. Trial was before the court without the intervention of a jury and resulted in a judgment which granted the plaintiff a divorce, adjudged the town lots, the house, the household furnishings and the automobile to be community property. The court ordered the community property sold and the proceeds of the sale divided equally between the parties. The plaintiff excepted to those portions of the court's judgment which decreed the automobile, the town lots, the house and the household furnishings to be community property and has duly perfected her appeal to this court.

In its findings of fact the trial court concluded, among other things, that the parties, while married and living together as husband and wife, acquired two town lots in the City of Vernon for $2,200, $600 of which was paid in cash and the remainder was evidenced by a vender's lien and deed of trust held by the First Federal Savings & Loan Association of Vernon, Texas. The vendor's lien was payable in monthly installments of $31 per month, but subsequently this amount was raised to $34.87 per month. The court found that the defendant, Harry Shannon, made all of the payments under the deed of trust and that these payments were made out of his earnings except the last two payments which were made by the plaintiff out of her earnings. All of the payments made by the parties were made during the time the plaintiff and defendant were married. The last payment was made on January 25, 1948. On October 24, 1945, the parties conveyed the town lots to Blanche Bryant, the plaintiff's sister. No consideration actually passed with the deed. This last conveyance was made as the result of an argument: Plaintiff had expressed a fear that the defendant would leave her and take all of the property including her portion of the town lots. Because of this fear, the plaintiff agreed to convey the property to Mrs. Bryant. The plaintiff employed a lawyer who prepared the deed and brought it to the defendant for his signature and acknowledgment. The defendant signed the deed and acknowledged it without reading it. On December 26, 1945, Gene Bryant and his wife, Blanche Bryant, conveyed the two town lots to the plaintiff, Edith Shannon. This deed recites that the conveyance was made for a good and valuable consideration, that the consideration was paid out of Edith Shannon's separate property and that the conveyance was made to her as her separate property. The court further found that the defendant had no actual knowledge of the conveyance made from Gene Bryant and his wife, Blanche Bryant, to Edith Shannon and that he never saw the deed. The court found that the parties had acquired during their marriage an automobile, the original cost of which was $3,240, and that the automobile had a balance due at the time of the trial of approximately $771.

The trial court's conclusions of law are as follows:

"1. Mrs. Blanche Bryant held the property acquired by her in the deed from the plaintiff and the defendant in trust for the community estate of the plaintiff and the defendant since such conveyance was not a gift to Mrs. Bryant but was made as the result of the fears of Mrs. Shannon that her husband would destroy or take away all of the community property belonging to them.

"2. The conveyance from Gene Bryant and wife Blanche Bryant to Edith Shannon of the property in question purportedly conveying it to her as her separate property, such conveyance having been made without the knowledge or consent of the defendant, did not change the status of the property from community to separate property of the parties.

"3. The equity in the 1949 Hudson Automobile also belongs to the community estate of the parties.

"4. The real estate herein described as well as the automobile are therefore both a part of the community estate of the parties to this action."

The principal question to be determined in this case is whether the trial court erred

in holding that the conveyance from the parties to Mrs. Bryant erected a trust in favor of the community estate.

In re Rosenberg, D.C., 4 F.2d 581, 582, it is said: "Where for any reason the legal title to property is placed in one person under such circumstances as to make it inequitable for him to enjoy the beneficial interest, equity will imply a trust in favor of the person entitled to the beneficial interest, * * *."

In our opinion the rule which governs this case is stated in 42 Texas Jurisprudence 643, Sec. 40: '

"Conveyance Without Consideration.—Where, without receiving any consideration and with no intention to make a gift, A transfers property to B a trust results to A, although there is no proof that B agreed to hold the property in trust. If a promise to reconvey is proved, B will hold the property under an express trust; but the absence of any such agreement does not negative the conclusion of equity that a trust results from the mere fact that the property is conveyed without the passing of consideration and without any intention to make a gift."

From the defendant's testimony, it appears that he had no intention of relinquishing his share of the community estate when he conveyed the house and lot to Mrs. Bryant. It was his understanding that the property would be conveyed to his wife as community property to be held in her name for the community estate. He said: " * * and so I told her if it would satisfy her I would put the deed in her name, and so I agreed to that; I was busy working and I told her to get a lawyer." He did not read the deed which conveyed the property to Mrs. Bryant and he did not consent to the conveyance made by Mrs. Bryant and her husband to the plaintiff. It is clear that he did not intend the property as a gift to anyone. Although the conveyance to Mrs.

Bryant stated a consideration of $10, as a matter of fact there was no consideration. Where there is no intention of making a gift and where the grantor has received no consideration, equity raises a resulting trust. Equity presumes that the parties intended to keep the beneficial title in the defendant and intended that Mrs. Bryant should hold the title to the property for the benefit of the defendant. In our opinion the court correctly held that Mrs. Bryant held the property in trust for the community estate and that the status of the property was not changed from community property to plaintiff's separate property by Mrs. Bryant's conveyance to the plaintiff. Hamilton v. First Nat. Bank of O'Donnell, Tex.Civ. App., 155 S.W.2d 626, ref. w. m., and cases there cited.

The plaintiff contends the court erred in admitting oral testimony which contradicts the considerations recited in the two deeds. Our courts have held that parol evidence is admissible to prove the real consideration for a deed. Springman v. Hawkins, 52 Tex.Civ.App. 249, 113 S.W. 966; Binford v. Snyder, 144 Tex. 134, 189 S.W.2d 471; Nye v. Bradford, Tex.Civ. App., 189 S.W.2d 889, affirmed 144 Tex. 618, 193 S.W.2d 165, 169 A.L.R. 1. The plaintiff insists that the conveyance from Mrs. Bryant and her husband to the plaintiff is contractual in nature and that the court erred in admitting testimony to vary its terms. Since Mrs. Bryant held the property in trust for the community estate, she could convey no greater estate than she possessed. Obviously, Mrs. Bryant could not bind the defendant to any agreement she may have had with plaintiff. In our opinion the plaintiff's contention is not material to this appeal.

We have carefully reviewed the record in this case. All of the plaintiff's points of error are overruled, and the judgment of the trial court is affirmed.