Horace NELMS, Appellant,

v.

Steve CHAZANOW, Appellee.

No. 14747.

Court of Civil Appeals of Texas.

Houston.

June 9, 1966.

Rehearing Denied June 23, 1966.

Crane & Keenan, Rita Keenan, Houston, for appellant.

Baker, Heard, Elledge & Sullivan, Lowell B. Hays, Houston, for appellee.

WERLEIN, Justice.

Our opinion of May 19, 1966 is withdrawn, and the following opinion is substituted therefor.

This is an appeal from a summary judgment in favor of appellee, Steve Chazanow. The court considered, in granting such judgment, appellee's second motion for summary judgment, plaintiff's first amended · petition and defendant's first amended original answer, the deposition of appellant and the deposition of appellee, eight certified copies of assignments of interests in oil leases, the affidavit of plaintiff in answer to defendant's motion for summary judgment, the briefs and arguments of counsel. The court concluded that there was no genuine issue as to any material fact insofar as the affirmative defense of limitations pleaded by appellee was concerned and hence appellee was entitled to judgment as a matter of law.

Appellant alleged in his first amended original petition that on November 30, 1960, appellant and appellee made, executed and delivered their one certain promissory note of even date therewith in the principal sum of $8,000.00 to the National Bank of Commerce of Houston, and that appellee co-signed said note for a valuable consideration in the amount of $4,000.00, and later failed and refused to make any payment thereon, so that appellant was compelled to pay the same, which he did, together with interest, in the total amount of $8,120.00, whereby appellee became liable to appellant for one-half of the total amount of said note with interest, but although often requested by appellant to do so appellee failed and refused to pay the same.

Appellant also alleged in the alternative that he negotiated the purchase of an in-

terest in certain oil and gas mineral leases in Jackson County, Texas, on May 2, 1960, and assigned a 1/64th interest therein to appellee for the sum of $1,000.00; that subsequently appellant and appellee jointly agreed to purchase a 1/16th interest in said leases for $10,000.00, and on September 1, 1960 appellant assigned to appellee a 2/64ths interest in said leases for the sum of $5,000.00 pursuant to such agreement; that appellee made two payments of $500.00 each on the $5,000.00 indebtedness, being the purchase money for his share under the jointly acquired interest, and has failed and refused to pay the balance due thereon, and that appellee was indebted to appellant in the amount of $4,000.00. Appellant also sued for attorney's fees.

Appellee in his first amended original answer alleged that appellant's cause of action is one for debt not evidenced by any contract in writing, being an action by one obligor on a promissory note against his co-obligor for contribution, and that said cause of action, if such there was, accrued on February 28, 1961, the date on which said note was paid in full by appellant, and that said cause of action which was not filed until March 20, 1964, was barred by the two year statute of limitations of the State of Texas. Appellee also pleaded failure and want of consideration, and with respect to appellant's alternative cause of action that the same accrued on September 1, 1960 and was barred by the two year statute of limitation, Article 5526, Vernon's Annotated Texas Statutes.

In his deposition, appellant testified in substance that after he had acquired a 3/32nds working interest in and to certain mineral leases in Jackson County, Texas, he conveyed to one Mrs. Colby a 4/64ths thereof for $10,000.00, and at the same time he assigned to appellee an undivided 1/64th interest in said leases without charge as a part of the Colby deal, and retained a 1/64th interest. Thereafter Mrs. Colby concluded that she had not made a wise purchase and she demanded the re-

turn of her $10,000.00. Appellant and appellee then agreed that they each would pay one-half of such amount to Mrs. Colby upon her reconveyance of said 4/64ths interest to appellant, and that appellant would convey a 2/64ths interest to appellee and retain the other 2/64ths interest; that it was further agreed between appellant and appellee that they would borrow $10,000.00 from the National Bank of Commerce in Houston, Texas, to finance the payment to Mrs. Colby, and that each of said parties would be responsible for the payment of one-half of such obligation to the bank; that such agreement was not in writing.

The evidence shows that pursuant to such oral agreement appellant and appellee did borrow $10,000.00 from the bank, and that appellant and appellee executed their promissory note as co-makers payable to the bank in the sum of $10,000.00 and that such amount was paid to Mrs. Colby, and she conveyed to appellant all of her undivided 4/64ths interest in said leases, and that appellant then conveyed to appellee a 2/64ths interest in said leases. The note was reduced by equal payments by appellant and appellee to a balance of $8,000.00. Appellee refused to make any additional payments on the note or renewal note, although a co-signer thereof, whereupon on demand by the bank, appellant, on February 28, 1961, paid the entire amount due the bank plus accrued interest, and on such date said note was marked paid and cancelled by the bank.

Appellant asserts that the court erred in entering a summary judgment in favor of appellee based on the sole ground that the two year statute of limitations instead of the four year statute, applied to his cause of action, since such cause of action is based on a written contract as evidenced by instruments contemporaneously executed by the parties, or at least a fact issue was raised with respect thereto. He further contends that the four year statute of limitations also applies because appellant and appellee had entered into a joint venture, or a material issue of fact was raised

with reference thereto, and furthermore that there was a fact issue as to when appellant's cause of action accrued.

In his affidavit attached to his answer to appellee's motion for summary judgment, appellant stated that on February 28, 1961 he made a payment of $500.00 to the bank "and eventually went to the bank and paid off the full amount of the note." In his deposition appellant testified that he did not know exactly when he paid the note in full, but guessed that it was on February 28, 1961. However, when questioned with respect to his cancelled checks to the bank which were handed to him to refresh his memory, he testified that the following payments were made by him on the note: $575.00 on September 1, 1960, $568.00 on November 30, 1960, $500.00 on February 28, 1961, $620.00 on February 28, 1961, and $7,000.00 on February 28, 1961. On the $7,000.00 check dated February 28, 1961 there was a notation at the bottom: "payment in full on note," and "Steve Chazanow." Disregarding interest, such payments plus the amounts paid by appellee aggregate $10,000.00, the original amount of the note. It is our view that this evidence shows definitely that the unpaid balance of the note was paid off by appellant on February 28, 1961, and that his cause of action against appellee for contribution accrued at such time.

The law is well settled in this State that each joint obligor in a contract is liable to the other for contribution to indemnify him for any payments made in excess of his prorata share. The joint obligor making such payment in excess of his share has a right of action upon the implied promise of the other joint obligor for reimbursement. The statute of limitations commences to run against such right of action from the date when the right of action upon each payment accrues. In the instant case appellant's cause of action upon the implied promise arising out of the relationship of the parties and not upon a written contract was barred in

two years from the date when the right of action upon each payment accrued. Article 5526, V.A.T.S.; Faires v. Cockerill, 1895, 88 Tex. 428, 31 S.W. 190, 28 L.R.A. 528; Gaines v. Gaines, Tex.Civ.App.1938, 119 S.W.2d 427; Darrow v. Summerhill, 1899, 93 Tex. 92, 53 S.W. 680; Yndo v. Rivas, 1915, 107 Tex. 408, 180 S.W. 96. See also Downing v. Jeffrey, Tex.Civ.App., 173 S.W.2d 241, error ref., w. m.

Appellant contends, however, that, construing together all the written instruments that were executed contemporaneously on September 1, 1960, a written contract was created, and that therefore the four year statute of limitations is applicable to appellant's cause of action. We do not agree. The agreement between appellant and appellee was oral and was not evidenced by any writing whatever or by any written memorandum. Appellant asserts in his brief that the contract in writing consisted of the following: appellee's check which was payable to the order of the National Bank of Commerce of Houston in the sum of $575.00 dated September 1, 1960, with notation in the margin thereof, "⅟₃₂ additional interest in Jackson County 500.-00 princi*ple* 75.00 interest," drawn on appellee's checking account at Medical Center National Bank; payment on September 1, 1960 by appellant and appellee each of $500.00 plus interest on the $10,000.00 note; and execution by them of a new $9,000.00 note to the bank; and the execution and delivery by appellant to appellee of four assignments dated September 1, 1960, each containing a recited consideration of $10.-00 and other valuable considerations paid by Steve Chazanow, conveying to appellee an undivided ⅔₄ths interest in and to the leases that had been reconveyed to appellant by Mrs. Colby.

In support of his contention that a written contract resulted from the execution of the foregoing instruments, appellant relies upon the following authorities, among others: First Prize v. Fireman's Fund Ins. Co. of California, Tex.Civ.App., 269 S.W. 2d 939, writ. ref., n. r. e.; Board of Ins.

Com'rs v. Great Southern Life Ins. Co., 1951, 150 Tex. 258, 239 S.W.2d 803; Bramlett v. Jenkins, Tex.Civ.App., 231 S.W.2d 539; and Guadalupe-Blanco River Authority v. City of San Antonio, 1947, 145 Tex. 611, 200 S.W.2d 989. The rule of law enunciated in such cases is well expressed by our Supreme Court in Board of Insurance Com'rs v. Great Southern Life Ins. Co., supra, as follows: "It is a generally accepted rule of contracts that 'Where several instruments, executed contemporaneously or at different times, pertain to the same transaction, they will be read together although they do not expressly refer to each other.' "

■ In the instant case the oral contract testified to by appellant is unambiguous, complete in itself and requires no explanation. The instruments which appellant refers to in his brief were executed in performance of such oral contract between appellant and appellee. They show that pursuant to the oral agreement appellant and appellee did make certain payments on the note held by the bank, and that appellant also in pursuance thereof conveyed to appellee an undivided %4ths interest in and to the leases that had been reconveyed to appellant by Mrs. Colby. Construing them and the oral contract together, there is still only an oral contract between the parties to do certain things which were in part done. Under the authorities in this state a contract partly oral and partly written is considered an oral contract to which the two year statute of limitations applies. See Barbier v. Barry, Tex.Civ.App., 345 S.W.2d 557; Strickland Transp. Co. v. Navajo Freight Lines, Inc., Tex.Civ.App., 387 S.W.2d 720; Purdin v. Jenkins, Tex.Civ.App., 337 S.W.2d 418; Teneha Oil Company v. Blount, Tex. Civ.App., 368 S.W.2d 655.

■ Appellant asserts that the four year statute of limitation applies to his claim because of a joint venture between him and appellee in connection with the purchase of Mrs. Colby's %4ths interest in the leases in question. We do not agree with this contention. It will be observed that appellant has not alleged that there was a joint venture entered into between him and appellee, nor has he sued for an accounting, but rather for a liquidated amount in the sum of $4,000.00 owing by appellee. He alleged that after he acquired the %4ths interest from Mrs. Colby he assigned to appellee on September 1, 1960 a %4ths interest in said leases, and that appellee paid a total of $1,000.00 on the $5,000.00 indebtedness or purchase money owing by him. In his affidavit appellant does not state that he and appellee would jointly own the %4ths interest or jointly share in the profits and losses therefrom. The evidence shows that they did not.

Appellant testified in his deposition that the Colby %4ths interest was reconveyed to him and that he conveyed one-half or %4ths thereof to appellee on September 1, 1960. Thereafter appellant and appellee each owned an undivided %4ths interest in the leases reconveyed to appellant by Mrs. Colby, and each held his undivided interest separately from the other. There was no community of interest between them of any kind nor any agreement with respect to sharing profits or losses.

In Holcombe v. Lorino, 1935, 124 Tex. 446, 79 S.W.2d 307, the court said:

"Nor does the petition invoke the doctrine of joint adventures. The general rule with respect to joint adventures is stated in 33 C.J. p. 841, as follows: 'A joint adventure has been aptly defined as a "special combination of two or more persons, where in some specific venture a profit is jointly sought without any actual partnership or corporate designation." ' "

The court further stated:

"Nowhere in the petition is it alleged that there is a community of interest, either in the losses or profits, of the business conducted by Lorino. Nor does it show a joint interest or labor. The authorities sustain the general rule that there must be

a community of interest and participation in the profits. * * * and the contract pleaded is entirely lacking in those essential requisites necessary to constitute a joint adventure."

So, in the instant case appellant's pleading fails to allege facts which would establish the existence of a joint venture between him and appellee, in connection with the purchase of Mrs. Colby's %₆₄ths interest in the mineral leases. Appellant's pleading and the evidence show that he and appellee each owned separately a %₆₄ths interest or one-half of the interest reconveyed to appellant by Mrs. Colby. The "runs statement" attached to said affidavit shows that the net amount distributed from the development of said leases was paid on appellee's runs to appellee only, and on appellant's runs to appellant only, and also that the expenses charged against the leaseholders were charged to appellant only on his interest and to appellee only on his interest in said leases.

In his motion for rehearing appellant asserts that the assignments executed by him to appellee on September 1, 1960, conveying the %₆₄ths interest in the leases, certified copies of which are on file in this cause and contained in the supplemental transcript, constitute a contract in writing to which the four year statute of limitations is applicable. Hereinabove we have set out the substance of appellant's alternate cause of action. In the absence of any exception thereto and construing it favorably to appellant, it is our opinion that appellant has alleged a cause of action on a written contract consisting of said assignments. Each of such assignments recites a consideration of $10.00 cash and other valuable considerations paid by Steve Chazanow, * * *." This suit was filed on March 20, 1964, less than four years after the assignments were executed, delivered and accepted by appellee. Although the written instruments together, including the note to the bank and checks which were not writings between the parties, do not create a written contract between them, as hereinabove stated, the assignments in themselves do constitute a written contract between the parties.

■ The assignments conveying the %₆₄ths interest in the leases to appellee are all duly signed, executed and recorded. Under the authorities in this State, although appellee did not sign the assignments, his acceptance thereof created a written contract between him and appellant, to which the four year statute of limitation applies. In Orbeck v. Alfei, Tex. Civ.App. 1925, 276 S.W. 947, the appellee executed a deed to appellant reciting a cash consideration of $3,000.00, besides the assumption of various items of indebtedness. The court held that when a contract between two parties is reduced to writing and signed by one of them and accepted by the other, it becomes, in contemplation of law, a written contract, and will be so treated by the courts of this State. The court cited Clegg v. Brannan, 111 Tex. 367, 234 S.W. 1076; Martin v. Roberts, 57 Tex. 564; and Elder, Dempster & Co. v. St. Louis Southwestern Ry. Co., 105 Tex. 628, 154 S.W. 975. The court further stated that the recital in the deed is prima facie evidence of the amount of consideration and of the payment of the same, but subject to refutation on either point by evidence. The court heard evidence on both of such issues, although the deed recited the receipt of the cash consideration in the sum of $3,000.00.

In Greene v. White, 137 Tex. 361, 153 S.W.2d 575, 136 A.L.R. 626, our Supreme Court said:

"The general rule is that the grantee in a deed accepted by him is a party to the deed, even though he does not sign it, and that he is concluded by recitals in the deed and by reservations contained therein in favor of the grantor. Martin v. Roberts, 57 Tex. 564, 568; Orbeck v. Alfei, Tex. Civ.App., 276 S.W. 947; 21 Corpus Juris, p. 1095, § 81; 19 Am.Jur., p. 627, Sec. 29, p. 624, Sec. 26."

See also Miller v. Gahagan, Tex.Civ.App. 1958, 316 S.W.2d 160; International Printing Pressmen & Assistants Union v. Smith, 1946, 145 Tex. 399, 198 S.W.2d 729; State v. Davis, Tex.Civ.App. 1963, 368 S.W.2d 658.

The law is well settled that where the consideration in the deed is a recited consideration rather than a contractual one, recitals of a written instrument as to consideration are not conclusive and parol evidence may be introduced to show what the real consideration was, and also whether it was paid or not paid in full or in part. Orbeck v. Alfei, supra; Gulf, C. & S. F. Ry. Co. v. Jones, 1891, 82 Tex. 156, 17 S.W. 534; Grogan v. Lea, Tex. Civ.App. 1925, 269 S.W. 1070; Silliman v. Oliver, Tex.Civ.App. 1921, 233 S.W. 867, writ ref.; Lindsay v. Texas Iron & Steel Co., Tex.Civ.App. 1928, 9 S.W.2d 287, writ ref.

In the instant case the evidence is undisputed that appellant did take the assignments from Mrs. Colby in his name and conveyed a one-half interest therein, or a ⅜₄ths interest in the leases, to appellee for a consideration of $5,000.00. Appellee testified in his deposition that he agreed to pay either appellant or the bank one-half of the money they borrowed. He did pay a total of $1,000.00 on the $5,000.00 indebtedness owing by him for the ⅜₄ths interest assigned to him by appellant, leaving a balance of $4,000.00 due on his obligation.

In resolving all doubts as to the existence of a genuine issue of material fact most favorably to appellant, we are of the opinion that the summary judgment in favor of appellee should not have been granted. Great American Reserve Ins. Co v. San Antonio Plumbing Supply Co., Tex. 1965, 391 S.W.2d 41; Gulbenkian v. Penn, 1952, 151 Tex. 412, 252 S.W. 2d 929.

Reversed and remanded.