## L. W. CHATTEN v. KNOXVILLE TRUST COMPANY, et al.*

### (*Knoxville*. September Term, 1926.)

Opinion filed October 16, 1926.

1. **REGISTRATION. Notation for registration. Notice. Construction of statutes.**

The several Code provisions relative to notation of instruments by register of instruments filed for registration, and particularly section 3749 of Shannon's Code, providing that such shall have effect as to persons, other than parties not having actual notice "only from the noting thereof for registration on the books of the register, unless otherwise expressly provided," must be read in connection with section 567 of Shannon's Code, subsec. 2, providing it is the duty of the register to enter instruments for registration, "noting in the first column the day and hour of reception, and other particulars in the appropriate column," **held** that the time of reception which the statute requires to be entered, is the time of which the deed is delivered to the register, and not the time when the register enters the instrument on his notation book. (Post, p. 354.)

Citing Code, Shannon's, sections 567, 3697, 3750, 3751, 3749.

2. **SAME. Same. Deeds of trust received simultaneously. Equality is equity.**

The statute requiring the register to note "the day and hour of reception," means the actual delivery of the instrument to the register or his deputy. So that where two deeds of trust are received for registration at the same time, they should be noted, as having been received simultaneously, and if on sale a deficit occurs, the proceeds should be appropriated proportionately. (Post, p. 355.)

3. **TRUST DEED. Officious marginal release of lien.**

An attempted marginal release of note secured by deed of trust in Register's office, made by one not the lawful holder, after its trans-

fer to another, is a false recital, and without authority of the true owner, will not affect his rights. (Post, p. 353.)

4. SAME. Transfer of lien note. Representation of holder.

Representation of original payee made at transfer of note, secured by lien, and there being other notes, transferred subsequently, owned by different parties, secured also by trust deed upon the same property; an attempted unauthorized release will not affect such later liens, done without knowledge of the holders of the notes. (Post, p. 353.)

Citing and distinguishing from Nashville Trust Co. v. Smythe, 94 Tenn., 513.

5. EQUITY. Mistake of fact. By litigant as to position.

Where a mistake of fact exists, and a position is taken by a litigant, erroneosly, caused by misleading entries upon the books of another as to nature of transaction, and ignorance of the true condition of public records concerning same, correction being made before issue joined, and adversary is not induced to assume or change any position on account of such mistake will not be penalized. (Post, p. 356.)

---

*Headnotes 1. Mortgages, 27 Cyc., p. 1766 (Anno.); 2. Mortgages, 27 Cyc., p. 1766 (Anno.); 3. Mortgages, 27 Cyc., p. 1766 (Anno.); 4. Records, 34 Cyc., p. 590; 5. Mortgages, 41 C. J., section 501 (Anno.); 6. Mortgages, 41 C. J., section 501; 7. Mortgages, 41 C. J., section 538 (Anno.).

---

FROM KNOX.

---

Appeal from Chancery Court of Knox County.—Hon. Chas. Hays Brown, Chancellor.

Walter D. DeVault, for appellant.

Green, Webb & Bass and Bowen & Bowen, for appellee.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

Complainant, Mrs. L. W. Chatten, filed the bill in this cause to enforce the terms of a deed of trust upon certain real estate in Knox county, executed to secure the payment of a note for $4,000. The defendants, Ella Sharp, and Irene Sharp, and the East Tennessee Savings Bank, trustee, were also the owners of certain negotiable notes secured by a deed of trust on the same property, and were made defendants to the bill of Mrs. Chatten.

The prayer of the original bill sought, among other things, a decree adjudging that the deed of trust executed to secure the notes held by the defendants constituted a second lien on the property, secondary to the lien of Mrs. Chatten. The defendants above named filed a cross-bill seeking to have their lien declared superior to that of the original complainant.

The original bill contained an alternative prayer that the deed of trust executed to secure the note held by Mrs. Chatten should be decreed to be of equal rank or standing with the deed of trust executed to secure the notes held by the defendants, and that the proceeds of the real estate should be apportioned between the several notes held by both parties to the litigation.

Pending the proceedings in the chancery court the real estate was sold by consent of all the parties, and the proceeds held in court subject to final decree.

The cause was submitted to the chancellor upon a stipulation signed by the parties, and his decree provided that the lien of the deed of trust executed to secure the notes held by defendants and cross-complainants, Ella

and Irene Sharp, and the East Tennessee Savings Bank, trustee, was superior to the lien of the deed of trust executed to secure the note of the complainant, L. W. Chatten, and that the proceeds from the sale of the real estate should be first applied to the payment of the notes held by defendants and cross-complainants.

The proceeds of the real estate were not sufficient to pay all of said notes.

Complainant, L. W. Chatten, perfected her appeal to this court from the decree of the chancellor in so far as said decree gave priorty to the notes and deed of trust held by defendants and cross-complainants.

The material facts stipulated by the parties, upon which their respective rights are to be determined, are as follows:

On January 4, 1924, J. Albert Robbins, then president of the Knoxville Trust Company, conveyed to W. W. Bounds and wife the real estate in question, which was worth approximately $5,000. On the same day Bounds and wife executed their note for $4,000, payable to the Knoxville Trust Company, and executed a deed of trust on the same real estate to J. Albert Robbins, trustee, to secure the payment of this note. On the same day Bounds and wife also executed a series of six notes, four for $1,000 each, and two for $500 each, payable to the Knoxville Trust Company, and executed another deed of trust on the same real estate to J. Albert Robbins, trustee, to secure the payment of these notes.

The $4,000 note was negotiated on the same day by Mr. Robbins, as president of the Knoxville Trust Company, to the complainant, L. W. Chatten, as collateral security for the payment of a note in the same amount executed by

the Knoxville Trust Company to Mrs. Chatten. At the same time Mr. Robbins assured Mrs. Chatten that the note transferred to her as collateral constituted a first mortgage on the real estate in question.

Subsequently, on January 15, 1924, both of the deeds of trust above mentioned were sent by Robbins to the office of the Register of Knox county for registration. It was the intention and purpose of Mr. Robbins and of the Knoxville Trust Company that the note held by complainant should constitute a first lien on the premises, and that the notes held by the defendants and cross-complainants should constitute a second lien. When the deeds of trust were sent to the office of the county register by Robbins the messenger was instructed by him to have the register note the deed of trust securing the Chatten note as having been received first. The messenger neglected to so notify the county register, and both deeds of trust were handed by him to the register at the same time, in a common bundle, which also contained several other deeds or deeds of trust for registration.

The county register, without any instructions, noted these deeds and deeds of trust for registration in such a way as to make it appear that the several instruments were received at intervals of one minute. The stipulation recites: "And in this way the trust deed securing the $4,000 note was noted by the register as received four minutes later than the other trust deed, *although they were received at the same moment.*"

Three of the notes for $1,000, and one of the notes for $500, were delivered by the Knoxville Trust Company to the defendant and cross-complainant, East Tennessee Savings Bank, trustee, on April 23, 1924, and are held

by it as collateral security for certain bonds issued by the Knoxville Trust Company, under a written trust agreement between them.

The other note for $1,000 and the other note for $500 were delivered to defendants and cross-complainants, Ella Sharp and Irene Sharp, on February 6, 1924, by the Knoxville Trust Company as collateral security for a note executed to them by the Knoxville Trust Company on said date.

Neither of the two deeds of trust makes any reference in any way to the other. None of the parties had any knowledge of the existence of the deed of trust other than the one under which they claim. The defendants and cross-complainants did not have knowledge of the condition of the notation book in the office of the county register until some months after the notes had been transferred to them, and the defendants did not accept said notes on the faith of the notation as to the time of registration made by the county register. Defendants, Ella and Irene Sharp, were assured by Mr. Robbins that the notes transferred to them were secured by a deed of trust constituting a first lien; and the other notes were transferred to the East Tennessee Savings Bank, trustee, pursuant to the written trust agreement, which provided that only first mortgage notes would be deposited under the trust agreement, the trustee relying upon the provisions in the trust agreement in accepting the notes.

The stipulation recites: ''Neither the complainant nor either of the defendants ever examined the records of the register's office of Knox county, Tennessee, or had the the records examined until after the receivership of defendant, Knoxville Trust Company.''

After the Knoxville Trust Company had parted with the last of the notes heren mentioned Mr. Robbins went to the office of the county register, and on the margin of the page, upon which is recorded the trust deed securing the several notes held by defendants, made an endorsement for the Knoxville Trust Company reciting that it was the true and lawful holder of the claim secured by that instrument, and that the lien of that instrument was waived so as to subordinate it to the lien contained in the deed of trust executed to secure the note held by complainant.

The stipulation recites that this notation was made without authority from any of the defendants, and that defendants had no knowledge of it until shortly before this suit was filed.

The stipulation further recites that after the insolvency of the Knoxville Trust Company the defendant, East Tennessee Savings Bank, trustee, was caused to believe from recitations on the record books of the Knoxville Trust Company that the notes held by said East Tennessee Savings Bank, trustee, were second mortgage notes, subject and secondary to the $4,000 note held by the complainant; and, acting upon this information, the East Tennessee Savings Bank, trustee, delivered its notes to its attorneys for collection as secondary notes.

The contention of complainant, L. W. Chatten, that the $4,000 note held by her is entitled to priority in the distribution of the proceeds of the real estate covered by the deed of trust is based upon the fact that at the time this note was transferred to her by Robbins, as president of the Knoxville Trust Company, that company was still the owner and holder of the other six notes secured by

the other deed of trust. Her contention is that since both of the deeds of trust were executed at the same time to the same parties, all of the notes secured by both deeds of trust should be regarded as a single series of notes, and that it was within the power of the payee, Knoxville Trust Company, to give preference to one or more of such notes, binding upon subsequent transferees of the remainder of the notes. This contention is urged upon the authority of *Nashville Trust Company* v. *Smythe,* 94 Tenn., 513.

The court is unable to assent to this contention. In the case of *Nashville Trust Company* v. *Smythe,* supra, the court was dealing with a series of notes secured by a single mortgage. The holding that the holder of such a series of notes may assign some of them and give to the assignee priority of lien over any subsequent assignee of the remainder of such series of notes was expressly predicated upon the fact that the mortgage itself, securing a number of notes, gives to the subsequent assignee notice that other notes are outstanding, so that he is charged with constructive notice of another prior assignment, which may have been made with a lien preference. Such conditions, the court held in the case cited, require the assignee of a portion of such a series of notes to ascertain before purchasing whether any prior assignment has been made, and whether, in connection with it, a superior lien has been, by contract, given to a prior assignee.

It is obvious that the reason for such holding does not exist with respect to the note held by complainant, L. W. Chatten. No reference to it was made in the deed of trust executed to secure the six notes held by the de-

fendants and cross-complainants, and they were, there-fore, not put upon notice by the recitations of the deed of trust, upon which they rely, of the existence of complainant's note.

From our holding that the statements and representations of the Knoxville Trust Company, as the original payee of the note held by complainant, made at the time of the transfer of this note to the complainant, could not affect the lien of the deed of trust executed to secure the six notes subsequently transferred to the defendants and cross-complainants, without notice to them of the existence of the Chatten note, it follows that the rights of the parties were not affected in any wise by the endorsement subsequently made by the Knoxville Trust Company, through its president, on the margin of the page of the register's book containing the record of the deed of trust by which the six notes were secured. At that time the Knoxville Trust Company was not the holder of the six notes, and the recitation of the endorsement was false. It was made without authority or knowledge of the then holders of the notes and could not affect their rights.

There remains to consider whether the defendants and cross-complainants, as the holders of the six notes aggregating $5,000, are entitled to priority in the distribution of the proceeds of the sale of the real estate, in preference to the $4,000 note held by complainant, because of the fact that the county register noted the deed of trust securing the six notes as having been received for registration four minutes before the deed of trust securing the $4,000 note was received for registration.

154 Tenn.—23.

In dealing with this question it is proper to note that none of the parties claim to have acted or to have changed their status upon the faith of the recitations of the register's books. It is expressly stipulated that neither the complainant nor either of the defendants ever examined the records of the register's office until after the receivership of the Knoxville Trust Company, which was after the notes had come into the hands of the parties.

Neither do the parties' make any question upon the method by which the true facts, with regard to the time of registration, are made to appear. It is stipulated that the register noted the deed of trust securing the $4,000 note as having been received four minutes later than the other deed of trust, "although they were received at the same moment."

The defendants and cross-complainants rely upon the provisions of Shannon's Code, sections 3697, 3749, 3750 and 3751; and particularly upon the provisions of section 3749 that instruments placed on record shall have effect as to persons other than the parties thereto, not having actual notice of them, "only from the noting thereof for registration on the books of the register, unless otherwise expressly provided."

So far as the facts of this cause and the rights of the parties hereto are concerned, these provisions of the Code must be read and applied in connection with section 567 of Shannon's Code, which provides in sub-section 2 that it is the duty of the register to enter all deeds and other instruments left to be registered, "noting in the first column the day and hour of reception, and the other particulars in the appropriate columns."

We are of the opinion that the time of reception which the statute requires to be entered is the time at which the deed is delivered to the register for registration, and not the time when the register enters the instrument on his notation book.

It is contended by counsel for the defendants and cross-complainants that it was the duty of the register to examine each deed in the bundle handed to him by the messenger of the Knoxville Trust Company, and to ascertain from such examination whether the instrument was entitled to registration, and that since this duty could not be performed with respect to several deeds at the same time, it was necessary that the register enter each instrument in the bundle as having been received for registration at subsequent intervals of time, notwithstanding they were all handed to him at the same time, and in a common bundle.

We cannot assent to this contention. The statute requires the register to note "the day and hour of reception," and reception, in our opinion, can only mean the actual delivery of the instrument to the register, or his duly appointed representative.

It follows, therefore, that, in our opinion, the facts stipulated show that the two deeds of trust were received by the register for registration at the same time, and that they should have been noted by the register on his book as having been received simultaneously.

It, therefore, appearing from the stipulation of the parties that the deeds of trust under which each claims were filed for registration at the same time, and that the status of none of the parties was affected or changed by reliance upon the erroneous entry or notation of the

register, we are of the opinion that the respective rights of the parties in the distribution of the proceeds of the real estate in question are to be determined as if the register had noted each deed of trust as having been received at the same time. On this premise, the statute (Shannon's Code, section 3749) gives preference to neither instrument, each having effect as to the parties to this suit only from the time received for registration.

We do not think that the fact that the East Tennessee Savings Bank, trustee, delivered the notes held by it to its attorneys for collection as second mortgage notes can affect its rights under the deed of trust. It clearly appears from the stipulation that this action on the part of the Savings Bank was induced by entries found upon the books of the Knoxville Trust Company, and in ignorance of the condition of the record in the office of the county register. It was simply the result of a mistake of fact, corrected before the answer and cross-bill were filed in this cause. Complainant was not induced to assume or change any position on account of said action of the East Tennessee Savings Bank. No good reason appears why the East Tennessee Savings Bank should be penalized because of its mistake. Certainly it did not disclose an intention to waive any right after its agents learned the condition of the record in the office of the county register.

It is our opinion that each of the notes described in the original bill and the cross-bill is of equal standing with the others, in so far as the security of the deeds of trust is concerned, and that the chancellor should have decreed that the proceeds be apportioned to the parties, complainant and cross-complainants, proportionately.

The decree rendered by the chancellor will be modified by the decree of this court accordingly, and the cause will be remanded to the chancery court for further proceedings in accordance therewith.

The costs of the cause will be paid by the complainant and the cross-complainants, in the same proporton as the amounts of their respective debts.