## RANDALL et al. v. POSERT et al.
(No. 8199.)

Court of Civil Appeals of Texas. San Antonio. April 17, 1929.

Rehearing Granted May 15, 1929. On Motion to Reform Judgment June 26, 1929. Rehearing Denied July 31, 1929.

Guy S. McFarland and McFarland & Young, all of San Antonio, for appellants.

W. E. Pope, of Corpus Christi, H. S. Bonham, of Beeville, and D. A. McAskill, of San Antonio, for appellees.

COBBS, J. This suit was originally instituted by L. F. Posert and wife, individually, and by Mrs. L. F. Posert as administratrix of the estate of Mrs. Ella M. Maurer, deceased, seeking to recover judgment against one E. N. Oxton for the sum of $8,000 on a vendor's lien note executed by Oxton to them, and for foreclosure of the lien on lot 3, block 23, on the beach portion of the city of Corpus Christi, Nueces county, Tex. Oxton answered and filed a cross-action.

Appellant Anita M. Randall owned lot 3, block 23, mentioned above, and it was incumbered with a vendor's lien securing payment of three notes for $1,125 each. On February 23, 1926, Anita M. Randall contracted to sell and convey said property to L. F. Posert and Ella M. Maurer, now deceased, for a total consideration of $17,000, payable $5,000 in cash, the assumption of the three vendor's lien notes for $1,125 each, and the execution and delivery to the vendor by the vendees of three notes for $2,875 each, secured by vendor's lien and deed of trust lien on said property.

Thereafter, on March 9, 1926, said L. F. Posert and Ella M. Maurer contracted to sell and convey said lot 3, block 23, to E. N. Oxton for a total consideration of $25,000, payable $5,000 in cash, the assumption of the three $1,125 notes, and the three $2,875 notes, and the balance by the execution and delivery to L. F. Posert and Ella M. Maurer by E. N. Oxton of a note for $8,000 secured by vendor's lien and deed of trust lien upon said property.

Thereafter, on March 13, 1926, by agreement of the parties, and for the purpose of avoiding circuity of action, appellant Anita M. Randall conveyed the property direct to E. N. Oxton, said grantee paying the $5,000 in cash direct to Anita M. Randall, assuming the payment of the three notes for $1,125 each, and executing three notes for $2,875 each, payable to the order of appellant, and one note for $8,000, payable to the order of L. F. Posert and Ella M. Maurer, all of said notes being secured by the vendor's lien retained by Anita M. Randall in said deed and by deed of trust to Louis A. Fougeron, trustee.

It is alleged that said E. N. Oxton paid off and discharged the first of the three $1,125 notes, but, having failed to pay the other two notes for $1,125 each, Anita M. Randall, in order to protect her interest in the property, was compelled to pay them off. On account of the default in the payment of the two $1,125 notes and of the notes for $2,875 each, at maturity, appellant declared all of said notes due prior to the institution of this suit.

Mrs. Maurer died, and Mrs. L. F. Posert

qualified as administratrix of her estate, and as such joined L. F. Posert in the filing of this suit, seeking judgment against E. N. Oxton, Anita M. and T. H. Randall and Louis Fougeron, for the balance due on said note for $8,000, with a foreclosure of a vendor's and deed of trust lien on said property, alleging their lien to be superior to appellant's liens.

Appellant filed a cross-action seeking a recovery of the balance due her on the sum of $2,490 which she paid in satisfaction of the two notes for $1,125 each, and asked judgment for balance due her by E. N. Oxton upon his three notes for $2,875 each, with a foreclosure of her liens.

The trial court found that appellant was subrogated to all the rights of the superior lien holder as against Oxton, but not as against appellees; that the liens securing payment of the other notes were on a parity, and directed sale of said property with distribution of the proceeds thereof pro rata among the holders of the four notes, and that the remainder should be paid in satisfaction of the judgment upon said sum of $2,490 applied by appellant in satisfaction of the superior lien debt aforesaid.

The notes show on their face that they were executed in series. The deed between Mrs. Randall and Oxton provided that Oxton assumed and promised to pay the $1,125 notes, as part consideration. The performance of this obligation by Oxton made the notes signed by Oxton in series first lien notes. Mrs. Randall had this provision placed in her deed to Oxton, and reserved a lien against the property to compel the performance of this obligation by Oxton in favor of herself. The Poserts received the $8,000 note with the stipulation in the four Oxton notes that it was one of the series, and received the $8,000 note with the condition in the deed that the three $1,125 notes payable to the order of Mrs. Ula J. Cline were to be paid off, and that Mrs. Randall reserved a lien in her favor to make Oxton comply with his promise. Appellees allege that they had the right to expect Mrs. Randall to compel Oxton to pay the three $1,125 notes; that under the terms of the deed she had the right to sue him for the debt and foreclosure of the lien to make him pay her the money, thereby making the series of four notes first lien notes. The actual contemplation found by the trial court placed this construction upon the deed and notes. Payment of the $1,125 notes made the other four notes first lien notes, and the payment of the two $1,125 notes by Mrs. Randall carried out the intention of the deed. Mrs. Randall contemplated that she might have to pay the debt; hence her reservation of the lien to compel Oxton to pay in case she was to pay the debt to Mrs. Cline.

In this case Mrs. Randall is indebted to Mrs. Cline. Mrs. Randall makes an agreement with Mr. Oxton and Mrs. Posert, as appears from the deed and notes and deed of trust, that Oxton was indebted in the sum of $20,000 for land which she sold to Oxton; Mrs. Posert, accepting the $8,000 note, became a party to the condition of the deed, and Mrs. Posert had a right that Oxton pay the $1,125 notes, and make her lien a first lien, and she further had a right that, if Oxton would not pay the notes, Mrs. Randall pay them, and thereby Mrs. Randall would make Mrs. Posert's lien a first lien.

Under the agreement as expressed within the deed, Mrs. Posert is relieved from personal liability of the $1,125 notes, and relieved from the execution of three notes of $2,875 each, and is to receive the $8,000 note free from responsibility on her part, and Mrs. Randall gets the $5,000 and personal liability direct to herself of Mr. Oxton, which liability she accepts and secures herself by reserving a lien against the property she sells him to make him perform in the payment of the three notes of $1,125 each, as well as the lien securing the four notes signed by Mr. Oxton.

Mrs. Randall in her deed to Oxton retained a vendor's lien securing payment of a note for $8,000 payable to appellees and three notes payable to appellant, without placing one superior to the other.

We think appellant kept her lien on the Cline notes alive, and never waived them. There was nothing in the Oxton deed showing a waiver. It is true that Oxton assumed their payment and bound himself and continued the lien on the property. It was a question of express contract in which he bound himself to pay.

The trial court gave appellant a judgment against Oxton for the amount so paid with interest and attorney's fees, but committed error in refusing her subrogation to all the rights of that superior lienholder in directing that she be postponed to participation in the proceeds of sale under his judgment until after appellees had been paid in full, and the judgment should be reformed to meet this idea and nothing to be paid to any of the other parties to this suit until appellant's judgment on said superior lien notes has been paid in full. Christian v. Clark, 10 Lea (Tenn.) 630; Chatten v. Knoxville Trust Co. et al., 154 Tenn. 345, 289 S. W. 536, 50 A. L. R. 537; Hanrick v. Alexander, 51 Tex. 494; Flanagan v. Cushman, 48 Tex. 241; Davis v. Huff (Tex. Civ. App.) 288 S. W. 267; Salmon v. Downs, 55 Tex. 243; Rankin v. Rhea (Tex. Civ. App.) 164 S. W. 1095; Silliman v. Oliver (Tex. Civ. App.) 233 S. W. 867.

Louis A. Fougeron and Mrs. Anita M. Randall were made parties hereto and charged with having converted the note and judgment prayed against them, etc.

The facts in the case show that he with an associate were real estate dealers, and appellees had listed the property with him for sale, agreeing to pay him and his associate a commission equivalent to 5 per cent. of the

purchase price for selling the same. A purchaser was obtained in the person of E. N. Oxton, who afterwards accepted a deed to the said property, agreeing to pay $25,000 therefor. The commission agreed to be paid appellant Louis A. Fougeron and his associate was $1,250, and of that amount $750.00 is still due and unpaid, which he is entitled to recover. By purchase Fougeron obtained the interest of his partner.

The note had been procured and delivered to said Louis A. Fougeron, with instructions that he should deliver same to appellees. He took the note from Corpus Christi to San Antonio, and delivered it to appellees, and they thereafter returned the same to him for him to hold as security for the payment of a commission that he claimed to be due him. He was made a defendant because he had possession of the note of which he was charged with conversion. He answered, admitting he had the note, but claimed the same had been delivered to him to hold as some form of security, and further claimed and pleaded that a commission of $750 was due to him because of having procured a purchaser in the real estate deal, and further specifically alleged that it had been definitely agreed that this commission was to be paid to him out of the proceeds of said $8,000 note.

■ Since the law disapproves of a multiplicity of suits, this joinder is highly proper. He was a party to the contract; the sale was made through his efforts; and the note placed in his hands to hold until his commission was paid. He had an interest in the note, and it should not have been surrendered without his commission was paid or arranged for. He was a party to the suit, and it mattered not that it was presented to the administratrix for payment. The administratrix was a party to the suit, and sought a judgment for the note.

For the reasons given, we think the judgment should be reversed and the cause remanded.

Reversed and remanded.

### On Motion for Rehearing.

Anita M. Randall and Louis A. Fougeron each in a separate motion for rehearing requests this court to set aside the judgment remanding the cause, and in lieu thereof to reverse and render the judgment.

■ The case seems fully developed, and, as provided for in article 1856, Rev. St. 1925, this court finding that there is no further fact necessary to be ascertained or any damage to be assessed or other matter to be decreed that is uncertain, we think it would be a useless waste of time to remand the case for another trial.

We think the judgment should be reversed and rendered, and do hereby reverse the judgment of the trial court and adjudge that appellant recover judgment upon both the $1,125 and her three $2,875 notes before any part of the proceeds of the foreclosure sale be applied to the satisfaction of appellees' judgment upon their $8,000 note.

The judgment of the trial court is therefore reversed, and judgment is here rendered as above. Reversed and rendered.

### On Motion to Reform Judgment.

In the motion filed by appellant Louis Fougeron, complaint is made that, while we found that this cause so far as it affects appellant had been fully developed, we made no final disposition of this cause in so far as it concerns said appellant. It was the intention of this court to render judgment in favor of appellant Louis Fougeron; and accordingly judgment is here rendered in favor of said appellant against the appellees herein for his $750 commission, with legal interest thereon, and it is adjudged and decreed that he have an interest prior and superior to said appellees in said $8,000 note to the extent of said $750, which is the judgment that the trial court should have rendered herein.

Motion granted; judgment reversed and rendered as to appellant Louis Fougeron, as well as to others indicated in the original opinion.

### On Motion for Rehearing.

The court corrects its findings so as to find that, while Mrs. Posert had a right to require Oxton to pay the $1,125 note and the Randall note, and thus make the Posert notes a first lien, she had no right to require Mrs. Randall to pay them, and, when Mrs. Randall paid them, she became subrogated to all the rights of the holder of the first lien notes, and there was no agreement otherwise.

We think this correction is necessary for a proper disposition of the matter.

The opinion will be corrected as above, but our judgment in no other respect will be changed.

All motions for rehearing are overruled.