### FRANKS v MOORE et

Ohio Appeals, 9th Dist, Summit Co

No 2269.   Decided July 28, 1933

Musser, Kimber & Huffman, Akron, for plaintiff in error.

Amer, Sophrin & Cunningham, Akron, for defendants in error William A. and Mary C. Moore.

Glenn A. Peters, Akron, for defendant in error Glenn A. Peters, receiver for the Summit Estates Co.

Paul C. Weick, Akron, for defendant in error Paul C. Weick, receiver for the Abstract Title-Guarantee & Trust Co.

H. W. Schwab, Akron, for defendant in error Mabel Grable Dillon.

Slabaugh, Seiberling, Huber & Guinther, Akron, for defendant in error Ira L. Young.

Kenneth B. Cope, Canton, for defendant in error Louis J. Etter.

Harry G. Ream, Akron, for defendant in error Earl Grable.

POLLOCK, J, (7th Dist) sitting by designation in place of WASHBURN, PJ.

**OPINION**

By FUNK, J.

The only issue before the court below and before this court, is whether or not the mortgages take priority in the order in which they were numbered and marked filed, or are of equal priority and should pro rate.

It is contended by plaintiff in error, who has the mortgage having the lowest serial number and which was marked filed at the earliest minute, that the mortgages take priority according to the serial numbers, beginning with ·the lowest, and according to the time they were marked filed, beginning with the earliest minute. Those having the mortgages with the higher serial numbers and later filing times, contend

that the mortgages should be of equal priority and pro rate.

Plaintiff in error bases his contention entirely upon the provisions of §8542, GC, which reads as follows:

"All mortgages, executed agreeably to the provisions of this chapter, shall be recorded in the office of the recorder of the county in which the mortgaged premises are situated, and **take effect from the time they are delivered to the recorder of the proper county for record.** If two or more mortgages are presented for record on the same day, they shall take effect from the order of presentation for record. The first presented must be the first recorded, and the first recorded shall have preference."

and upon the provisions of §2758, GC, the part of it material in this case being as follows:

"Upon the presentation of a deed or other instrument of writing for record, the county recorder shall indorse thereon the date and the precise time of day of its presentation, and a file number. Such file numbering shall be consecutive and in the order in which the instrument of writing is received for record * * *. Until recorded each instrument shall be kept on file in the same numerical order for easy reference * * *."

The determination of the claims of the several parties depends upon the answer to two questions: 1. Is the priority of the liens, of instruments delivered to the recorder at the same time for record, determined by the serial numbers placed on them by the recorder, as required by said §2758, GC? and 2. Is the certificate of the recorder, placed on the back of the mortgage, stating the time it was delivered to him for record, conclusive as to time, or may it be rebutted by parol evidence?

It will be noted that said §8542 GC is in Chapter 1 of Title VIII of Part Second of the Code, which pertains to "conveyance and encumbrances" of real property, provides for the recording of deeds and mortgages and the effect thereof, and fixes the priority of the instruments files, while said· §2758 GC is in Chapter 5 of Division II of Title X of Part First, which pertains to the office of "county recorder," provides for the election of such an officer, and prescribes his duties and what he shall do with deeds, mortgages, ·and other instruments of writing, and the endorsements he shall put on them when delivered to him, in order to carry out the provisions of said chapter 5.

While these two chapters seem somewhat

related, it is apparent that the one has to do merely with the duties of the recorder to carry out the provisions of the other, which prescribes the effect and fixes the priority of the lien or rights of parties as shown by the instrument delivered to the recording officer. Moreover, from the language used in said §2758, GC, it is apparent that the consecutive numbering of instruments filed, as required by this section, is primarily for the convenience of any one seeking information concerning a particular instrument until it has been recorded, and is not intended to fix the priority or time of taking effect of such instrument.

The state of Illinois has recording statutes very similar to the above two mentioned sections, §§2758 and 8542, GC, and the Supreme Court of that state, in the case of Schaeppi v Glade, 195 Ill. 62, 62 NE 874, had these Illinois statutes under consideration. The third syllabus of that case reads:

"3. If the recorder's certificates upon two or more instruments show that they were filed simultaneously, neither instrument can be given the advantage of prior recording upon the ground that in giving them consecutive numbers one received a lower number than the other."

The judge who wrote the opinion in that case, said, concerning those statutes:

"The certificate on the instrument is expressly made evidence of the facts stated in it, and in this case the numbers on the instruments are not inconsistent with the certificate that they were filed at the same time. The fact that they did not receive the same number would not tend to show that they were not filed at the same time, since they could not receive the same number. If instruments are received by mail in the same envelope, or delivered in the same parcel, or handed to the recorder together, the numbers must necessarily be different. It is proper, and sometimes desirable, to file different instruments at the same time, and it could not be the intent of the statute that they could not be filed simultaneously and that there must be a priority to be determined by the numbers. It cannot be that a recorder can have any power to affect the rights of parties by numbering the instruments, or that priorities should be fixed by the mere chance of numbering instruments received at the same instant of time."

We are in full accord with these views and the holding in that case, and therefore hold that the priority of mortgages is not determined by the file numbers placed upon them by the recorder, as required by §2758 GC.

Second. We find the great weight of authority in this and other states is to the effect that the certificate of the recording officer, showing the exact time of filing and a consecutive number in the order in which the instrument was filed, placed upon the instrument as required by statute, is not conclusive as to the accuracy of such representations, but that such certificate is to be considered only as evidence which may be rebutted or contradicted; and in some states the statute itself provides that the certificate shall be considered evidence or only prima facie evidence.

The following decisions tend to support this position:

55 Oh St 183, Clafflin Co. v Evans.

43 Oh St 57, King v Penn.

5 O. Dec. 533, 5 N.P. 5, Kalb v Wise.

4 Cir. Dec. 174, 18 C.C. Rep. 668, Bardshar, Admr. v Holtzman.

32 Cir. Dec. 4, 17 C.C. (N.S.), 49, Licker v Green.

50 A.L.R. 537, Chatten v Knoxville Trust Co.

195 Ill. 62, 62 NE 874, Schacppi v Glade.

41 C.J., "Mortgages," §450, p. 513.

1 Jones on Mortgages (8th ed.), §626, p. 882.

Although the case of Clafflin Co. v Evans, supra, pertains to the filing of a deed of assignment with the probate judge, the statute fixing the time at which a deed of assignment took effect, was at that time (and still so provides: §11093, GC) quite similar to the statute fixing the time at which a mortgage takes effect; hence, the principle involved in that case is substantially the same as in the instant case. The statute providing when a deed of assignment shall take effect reads:

"Any such assignment shall take effect only from the time of its delivery to the probate judge and the exact time of such delivery shall be endorsed thereon by the probate judge, who shall immediately note the filing on the journal of the court."

The third syllabus of that case is as follows:

"3. While the presumption is that the officer performed his duty and the endorsement speaks the truth, that presumption is not conclusive, but the true time of the delivery of the assignment may be shown by the parties whose interests are affected."

The judge writing the opinion said concerning this provision that "The endorsement, however, is but **prima facie** evidence of the time of the filing, and the true date. of the delivery of the instrument may be shown."

We are therefore of the opinion, both upon principle and authority, that, while the time of filing endorsed by the recorder upon a mortgage is presumptive and perhaps strong evidence of its truth and the time of its delivery to him, it may be contradicted and the true time of delivery shown. We are also of the opinion that, to successfully show that the recorder's certificate is untrue, such untruthfulness and some other time of delivery to the recorder must be shown by clear and convincing evidence.

In the instant case it is shown, not only by clear and convincing evidence but beyond all reasonable doubt, that said seven mortgages were handed to the recorder in one package; that the mortgagor and mortgagee had agreed that they were to be of equal priority; that all of the presetn owners of said seven mortgages purchased them direct from the mortgagee before any of them were filed for record; that all of said purchasers are parties to this proceeding in error and were parties below; and that there are no innocent third persons who relied upon said filing record involved.

Under this state of facts, we are unanimously of the opinion that these seven mortgages are of equal priority and should pro rate, and that the judgment should be affirmed.

POLLOCK and STEVENS, JJ, concur in judgment.